Filed April 19, 1884.

---

No. 11,120.

### KARNES v. WINGATE ET AL.

ESTOPPEL IN PAIS.—*Representation or Concealment of Facts.—Knowledge of Facts.—Ignorance of Facts.—Intention to Deceive.—Inducement to Act.*—Where it appeared that R. E. K. had represented · to J. W. W., to induce the latter to exchange his stock of goods for certain described real estate in Blackford county, in which D. D. K. had an interest, that D. D. and G. E. K. were the sole owners of such real estate, and had entered into a written obligation for the conveyance thereof within a reasonable time, by a good and sufficient warranty deed, in consideration of the delivery of said stock of goods to D. D. K., the brother of R. E. K., and had put J. W. W. in possession of the real estate; that J. W. W. relied upon the representations of R. E. K., and was induced thereby to act in the premises; and that afterwards R. E. K. had acquired an interest in the real estate, outstanding at the time in the name of his sister, of which he had knowledge and J. W. W. was ignorant.

*Held,* upon the foregoing facts, that R. E. K. is thereby estopped from asserting, as against J. W. W. and those claiming under him, his after-acquired interest in the real estate in controversy.

From the Blackford Circuit Court.

*W. A. Bonham* and *J. Noonan,* for appellant.

*W. H. Carroll,* for appellees.

HOWK, C. J.—The first error complained of by the appellant, the plaintiff below, is the overruling of his demurrer to the appellees' cross complaint.

The appellant sued to obtain the partition of certain real

estate, particularly described, in Blackford county. In their cross complaint, the appellees alleged that, on the — day of September, 1876, they were engaged in the mercantile business and were joint owners of a certain stock of goods, at the town of Dunkirk, in this State; that, at that time, one Daniel D. Karnes, a brother of the appellant, who then had an interest in the north half of the quarter section of land described in appellant's complaint, was desirous of trading the same for said stock of goods, and the appellees made an exchange of said stock of goods, with said Daniel D. Karnes, for said real estate; that the said Daniel D. Karnes not being prepared then and there to perfect a conveyance of such real estate to the appellees, he and the appellant then entered into a written obligation, signed by each of them, in the penalty of $2,000, for the conveyance of such real estate to the appellees, within a reasonable time, by a good and sufficient warranty deed by the then owners of such real estate, in consideration of the delivery of said stock of goods as aforesaid; that the appellant put the appellees in possession of such real estate as the owners thereof; that the appellant and said Daniel D. Karnes, before the execution of said written obligation, represented to the appellee Wingate that said Daniel D. Karnes and one George E. Karnes, were the sole owners of such real estate; that, relying on said representations, the appellees afterwards accepted a conveyance from said Daniel D. and George E. Karnes not knowing of any other claims or encumbrances upon said real estate; that the appellees fully performed all their agreements in and about said exchange of property; that instead of performing his agreement, as in said written obligation specified, the appellant had fraudulently caused a certain interest in such real estate to be conveyed to himself; that, without this real estate, the appellant was wholly insolvent, and said Daniel D. Karnes was insolvent and a non-resident of this State; that unless the appellant was compelled to convey said real estate to the

appellees, or if their title thereto should not be quieted in this action, they were without other remedy and would be irreparably injured; and that the appellees had been in possession of said real estate for more than five years last past, and had made improvements thereon of the value of $1,000, with the full knowledge of the appellant. Wherefore, etc.

In discussing the sufficiency of this cross complaint, the appellant's counsel say: "It will be observed * * * * that appellees relied for their title to that portion of the real estate in controversy, upon an obligation in writing, the precise character of which is not disclosed by the cross complaint, which, they allege, has been lost or destroyed. We may assume, however, for the purpose of this argument, that the instrument was in the nature of a bond for the conveyance of the real estate claimed by the appellees. If a title bond, is it sufficient to give them a title, under the averments in their cross complaint? In answer to this question, it may be suggested that, if there was a bond or contract executed, it was not one in which the appellant covenanted to convey any real estate whatever, but, if such was ever executed, it was simply an obligation in which he sustained the relation merely of surety."

Having thus reached the conclusion that the appellant was "surety only," in the written obligation mentioned in the cross complaint, his counsel then insist with much earnestness and apparent confidence, that "he could be held for damages only, and the appellees could not enforce a specific performance of the contract, only in so far as the principal was concerned."

We are of opinion that appellant's counsel have misapprehended the scope, effect and purpose of the appellees' cross complaint. The appellees do not count upon the written obligation of the appellant and Daniel D. Karnes, mentioned in their cross complaint, and certainly they do not seek to enforce a specific performance of such obligation against the

Karnes v. Wingate *et al.*

appellant, in this action. Nor do they claim, that the written obligation or bond is sufficient to give them a title to the real estate in controversy. It does not appear from the averments of the cross complaint, that the appellant executed the written obligation as surety merely for any one; but the allegation is, that he and his brother, Daniel D. Karnes, alike bound themselves for the conveyance of the real estate to the appellees, by a good and sufficient warranty deed, to be executed by the owners thereof, within a reasonable time. If the facts stated in appellees' cross complaint are true, and, as they are well pleaded, the demurrer admits their truth, the appellant is estopped thereby from asserting, as against the appellees and those claiming under them, any interest in the real estate in controversy existing at the time of his contract with the appellees, and subsequently acquired by him. He had represented to the appellees, that Daniel D. and George E. Karnes were the sole owners of the real estate; he had bound himself for the conveyance to them of such real estate, by good and sufficient warranty deed, to be executed by the owners thereof; and, relying upon his representations, they had accepted the conveyance of such real estate by said Daniel D. and George E. Karnes, as such owners thereof. In Bigelow Estoppel, 484, in defining what elements must be present to constitute an estoppel by conduct, the law is thus stated:

" 1. There must have been a false representation or a concealment of material facts.

" 2. The representation must have been made with knowledge of the facts.

" 3. The party to whom it was made must have been ignorant of the truth of the matter.

" 4. It must have been made with the intention that the other party should act upon it.

" 5. The other party must have been induced to act upon it."

Applying the law as thus stated to the case in hand, we are

of opinion that there is no error in the record of this cause, of which the appellant can complain, or which would authorize the reversal of the judgment. The court did not err in overruling the demurrer to the cross complaint; the evidence fully sustained the special finding of facts; and the court's conclusions of law were authorized by the facts specially found.

The judgment is affirmed with costs.

Filed March 29, 1884.