## HECK v. GREENWOOD TELEPHONE COMPANY.

[No. 5,230.   Filed April 6, 1905.]·

1. NEW TRIAL. — *Evidence.* — *Telephone Companies.* — Where a telephone company brings suit to restrain defendants from removing telephone poles from a certain strip of land, claiming that such strip is a street and that the marshal directed the location of such poles, and the evidence wholly fails to show such land was a street, or that the marshal directed such location of the poles, a new trial should be granted.   p. 245.

2. ESTOPPEL.—*Evidence.*—An estoppel to be available must be established by evidence.   p. 246.

3. TELEGRAPHS AND TELEPHONES.—*Right of Way.*—*Consent of Landowner.*—Where the first knowledge a landowner had that a telephone company desired to use her land for a right of way was the presence of workmen erecting poles, consent is not shown.   p. 246.

From Johnson Circuit Court; *William A. Johnson,* Special Judge.

Action by the Greenwood Telephone Company against Margaret Heck and Lora Heck. From a decree in favor of Lora Heck and against Margaret Heck for damages only, Margaret Heck appeals. *Reversed.*

*George I. White, Fred R. Owens* and *D. P. Williams,* for appellant.

*Miller & Barnett* and *Will Featherngill,* for appellee.

ROBY, J.—Suit by appellee against Margaret and Lora Heck for an injunction and damages. The verified complaint was answered by a general denial, and the issue was tried by the court, which found for the defendant Lora Heck. Its further finding was that the appellant "is indebted to said plaintiff * * * in the sum of $55, together with costs," etc. Judgment on the finding.

The substance of the complaint is that the defendants owned a body of land in the town of Greenwood, and that "on or about the — day of March, 1902, said telephone company, by and with the knowledge and consent of the

owners of said real estate, erected and constructed a line of telephone poles, and placed wires thereon, extending along and across the east part of said real estate;" that appellee is a duly organized corporation maintaining a telephone exchange and system in said town, which it does by virtue of a duly authorized franchise and ordinance, and that said poles were placed by the order and direction of said town through its duly authorized marshal, who, by the direction and authority of the board of trustees, directed the setting of the poles at the points where they were set; that it was then known to all the parties that a strip of land twenty feet wide—within which the poles were set—over said real estate was then in process of condemnation by said board for a street, and that possession thereof had been taken by said town for such purpose; that said strip of land had been duly appraised by commissioners appointed therefor, who had filed their report with the clerk of said town; that Margaret Heck in person and by servants entered upon said ground and cut down five poles, and the guy and service wires attached thereto, to the plaintiff's damage; that the defendants are threatening further to injure and destroy "telephone cross-arms and appliances of said telephone company;" and that "the strip of ground where said poles and wires are located belongs to and is a part of a public street of the town of Greenwood." Other averments relate to the necessity for a restraining order, which was made without notice to the defendants, the plaintiff filing an undertaking therefor.

1. Appellant's motion for a new trial was overruled, and such action of the court is assigned as error. The grounds stated in the motion are: (1) The decision is not sustained by sufficient evidence; (2) the decision of the court is contrary to law. There was no evidence in the record that the land on which appellee set poles was or is a public street, or any part of a public street. Neither is there any evidence of any steps having been taken or at-

tempted looking to the condemnation of said land, or that the board of trustees ever granted or undertook to grant appellee the right to erect poles thereon, or that the town marshal had anything to do with the location of said poles, or that appellant cut or otherwise damaged any poles erected in a street. The absence of such evidence requires the reversal of the judgment. *Kitch* v. *Schoenell* (1881), 80 Ind. 74.

2. Appellee asserts that under the averment that the poles were set with the knowledge and consent of the landowners it has shown the granting of an irrevocable license and an estoppel against them to assert their ownership because of their having stood by while it expended money in the construction of its line. Facts necessary to the creation of an estoppel have been so often stated that their repetition here may be excused. *Anderson* v. *Hubble* (1882), 93 Ind. 570, 47 Am. Rep. 394; *Karnes* v. *Wingate* (1884), 94 Ind. 594. There is no evidence tending to establish any essential of an estoppel.

3. Neither is there any evidence tending to show that the appellee erected its line with the consent of the landowners. The extent to which appellant carried her expostulations is differently testified to, but the first knowledge of the improvement attributed to her was conveyed by the presence of the workmen erecting the poles. It is evident that appellee stood upon no ceremony in the erection of its line, and in so doing occupied appellant's property.

Judgment is reversed, and cause remanded, with instructions to sustain appellant's motion for a new trial, and for further consistent proceedings.