## D. D. KUHLMAN AND GEORGE H. KUHLMAN v. L. E. LEAVENS as *Executor of the Estate of A. F. Ladd, deceased.*

1. PROMISSORY NOTE—*Liability of Sureties*. Where the holder of a promissory note agreed with the maker thereof, for a valuable consideration, to extend the time of payment of such note for a period of ninety days, if the sureties consented to such extension, *held*: that the contract of extension was made conditional upon the assent of the sureties, and that under such a contract · the sureties were not released.

2. KNOWLEDGE OF SURETIES AFTER THE FACT. Where the time of payment of a promissory note is extended by an agreement between the maker and holder thereof, subject to the assent of the sureties, it is immateria, whether such proposed extension was or was not known to the sureties, as such agreement in no way affects their rights or becomes binding upon them, as they may treat the agreement to extend as a nulity, pay the note and bring suit thereon against the maker at any time after the note falls duel and the agreement to extend being a conditional agreement is not enforceable, and it may be ignored by the sureties or the holder of the note.

*Error from the District Court of Oklahoma County.*

Suit by Leavens as executor, against D. D. Kuhlman and George H. Kuhlman, sureties on a promissory note. Judgment for defendant in error in the court below. Plaintiffs in error bring the case here for a reversal.

*J. W. Johnson,* for plaintiffs in error.

*H. H. Howard* and *T. G. Chambers,* for defendant in error.

The opinion of the court was delivered by

DALE, C. J.:    L. C. Leavens, as executor of the estate of A. F. Ladd, deceased, instituted an action in the

district court of Oklahoma county, against D. D. Kuhlman and George H. Kuhlman upon a prommissory note executed by one F. M. Beall, as principal, and D. D. and George H. Kuhlman as sureties. The plaintiff below obtained judgment in the sum of $539.50 principal and interest and $53 as an attorney's fee. The sureties denied any liability upon the note for the reason, as claimed, that after the note became due the then owner thereof, C. A. Peyton, had, for a valuable consideration, extended the time of payment on the note for an additional ninety days,· receiving as a consideration for such extension usurious interest at the rate of 2 per cent. per month, and that such extension of time was made without the knowledge or consent of the sureties. The only question discussed by counsel for appellant is the one relating to the liability of the sureties.

But one witness was introduced by either party upon the trial in the lower court, he ·being C. A. Peyton, the person with whom it is claimed Beall, the principal in the note, made the agreement for the extension. The trial court made no findings of fact and we have examined the evidence of Peyton for the purpose of determining what the agreement or arrangement for the extension was, and whether or not it was of such a character as to release the sureties.

It appears that the note was made payable to C. A. Peyton and F. C. Ladd, and that before the death of Ladd, Peyton assigned all his interest therein to the last named party; that the note is dated April 2, 1894, and by its terms became due ninety days thereafter, with 12 per cent. interest after maturity. That on June 3d, the day when the note became due, Peyton met Beall and entered into a conversation with him about his note, and

that Beall went to the office of Peyton and said that he did not have the money to pay the interest on the note, and asked if Peyton would extend it, and not push the Kuhlmans, or let them know anything about that, as he would stand between Peyton and the Kuhlmans and see them, or had seen them, and that they didn't object to an extension. With the understanding between Peyton and Beall that the Kuhlmans did not object, and would agree to an extension, it was arranged that the note should be extended for ninety days, upon payment by Beall of 2 per cent. per month as interest. Within a few days after the agreement of extension had been so effected, Beall paid the interest as stipulated. Kuhlmans had no knowledge of the arrangement between Beall and Peyton whereby the time of payment of the note was extended. Under this state of facts, were the sureties released? Counsel for appellant insists that, because the note was extended for a valuable consideration, and without the knowledge or consent of the sureties, they thereby were released from their contract of payment. The contention upon the other hand is that the extension being conditional upon the assent of the sureties, they are still bound upon the contract.

It is a well settled principle of law that where the holder of a promissory note, upon a valid consideration, makes a definite promise with the payor of the note, without the consent of the sureties, to extend the time of its payment, the sureties are thereby released. The reason for this rule is that it creates a new contract from the one the sureties guaranteed, and prevents the sureties from protecting themselves by paying the note, and at once bringing suit against the maker. (Norton on Bills and Notes, p. 288; Am. and Eng. Ency. of L., vol. 24, 832).

In the foregoing citations will be found authorities from most of the states in support of this doctrine.

But it also appears to be settled that the agreement to extend the time of payment must be of a character which creates a new contract. If it is a conditional contract dependent upon the assent of the sureties, it will not release them, because until their assent is given, it is not binding between the holder and maker of the note and consequently cannot prejudice the rights of the sureties· Upon this question Daniels on Negotiable Instruments, § 138, lays down this rule:

"There must be an absolute agreement for indulgence by extension of time or forbearance to sue, for an agreement based upon a condition which is uncomplied with is not binding and therefore does not discharge those who occupy the relation of surety, but leaves all parties unaffected."

In *Barret et al. v. Davis et al.* 16 S. W. 379, it is said:

"When the creditor and debtor enter into an agreement on adequate consideration for an extention, upon condition that the surety assent thereto, it does not amount to a release. Of course there is none if the assent be given; if not then the agreement to extend fails."

In *Morgan v. Smith*, 70 N. Y. 537, we quote as follows from the syllabus:

"The lease contained a clause that the lessees would not assign it, or let or underlet the premises without the consent of the lessor. Later, subsequent to the execution of the lease and taking possession thereunder, the lessor agreed with the lessee to rent the premises for them at their risk, and credit to them any receipt for rent, with a condition that the agreement should not impair or altar the relations of the parties, the covenants of the lease, or the security for the rent. *Held*: That the agreement

did not operate to discharge the sureties, although they had no knowledge or notice of it; that the agreement without the condition was no more, in effect, than a consent that the lessees might underlet; and that under the condition, the rights of the sureties, and consequently their liability, were in no wise affected. A new agreement between a creditor and his principal will not discharge the sureties when by the new agreement the remedies of the creditor against the sureties are expressly and clearly reserved." (Citing *Calvo v. Bavies*, 73 N. Y. 217; *National Bank of Nerburg v. Bigler*, 83 *id.* 66; *Palmer v. Purdy*, 83 *id.* 149.)

In *Rucker v. Robinson*, 38 Mo. 154, (90 Am. Dec. 412), the rule appears to be concisely stated thus:

"But the giving of time or indulgence will not have the effect of releasing the surety without the creditor has by some contract obligatory tied up his hands and prevented himself from the privilege of prosecuting his right of action."

To the same effect are the following cases: *Sohier v. Roaring et al.* 6 Cushing, 537; *Toby v. Ellis*, 114 Mass. 120; *Hagey v. Hill*, 75 Pa. St. 108, (15 Am. Dec. 583).

And where the time of payment is extended conditioned upon the assent of the sureties, it is immaterial whether or not such proposed extension was with or without their knowledge, and this is upon the principle that such an extension in no way affects their rights, as the sureties could, if they so desired, treat the extension as a nullity, pay the note and bring their action to recover from the maker at any time after the note fell due. The extension having been granted subject to their assent, the agreement to extend is not enforcable until such assent is granted, and it may be ignored by the sureties or by the holder of the note. (*Sohier v. Roaring, supra; Morgan v. Smith, supra,* and cases therein cited.)

We find no error, and the judgment of the lower court is affirmed.

All the Justices concurring.