COOK v. SORRELLS *et al.*

No. 3444.   Opinion Filed November 17, 1914.

(144 Pac. 347.)

**PRINCIPAL AND SURETY**—Discharge of Sureties—Bills and Notes. Where, in a suit on a promissory note, the evidence does not tend to disclose an agreement between the payee and the principal debtor for delay in its payment, a judgment in favor of the sureties, exonerating them from payment on that ground, will be reversed.

(Syllabus by the Court.)

*Error from County Court, Jefferson County;*
*B. T. Price, Judge.*

Action by Jesse P. Cook against G. W. Sorrells and others. Judgment for defendants, and plaintiff brings error. Reversed and remanded, with directions to ascertain the amount recoverable and render judgment therefor.

*N. C. Peters,* for plaintiff in error.

TURNER, J.   On February 14, 1910, Jesse P. Cook, plaintiff in error, as payee, in the county court of Jefferson county, sued Geo. W. Sorrells, as principal, and R. E. Bollinger and W. L. T. Hilton, defendants in error, as sureties, on a promissory note for $359, made, executed, and delivered to said Cook on January 23, 1908, in payment for a span of mules. There was judgment by default against Sorrells. For answer the sureties pleaded that plaintiff, instead of collecting the note when due, for a valuable consideration agreed with the principal debtor to extend the time of payment several months, by reason of which, they say, they were discharged as sureties upon said note. After issue joined by reply, there was trial to a jury and judgment in favor of the sureties, and plaintiff brings the case here. He assigns that the court erred in failing to direct a verdict in his favor. In refusing so to do, the court erred. The evidence discloses that, some 30 days before the note was due, it was left at

the First National Bank of Waurika for payment; that the same was not paid; that after it became due Sorrells attempted to sell Cook certain land belonging to his wife and minor child, with the understanding that the note in controversy was to be received in part payment; that the price of the land was agreed upon and all parties willing, but that the trade was never made, owing to the fact that Cook could never find time to close it; that, pending negotiations, Sorrells moved out of the county, taking his effects with him, after which the sureties were called on to pay the note, and, when they refused, this suit was brought. As the evidence nowhere tends to prove an agreement, express or implied, between Cook and Sorrells extending the time of payment, much less a consideration to support it, the judgment must be reversed.

In *McLemore v. Powell et al.,* 12 Wheat. 555, 6 L. Ed. 726, a part of the syllabus reads:

"An agreement between the creditor and principal debtor for delay, or otherwise changing the nature of the contract, to the prejudice of the surety, in order to discharge the latter, must be an agreement having a sufficient consideration, and binding in law upon the parties."

See, also, *Kuhlman v. Leavens, Exec.,* 5 Okla. 566, 50 Pac. 171.

As the note in controversy provides for an attorney's fee, the judgment of the trial court is reversed and remanded, not for a new trial, but with directions to ascertain the amount of the same and render judgment upon the note, including said fee.

All the Justices concur.