## STETLER v. BOLING et al.

Nos. 4901, 5677.   Opinion Filed September 14, 1915.

Rehearing Denied November 9, 1915.

(152 Pac. 452.)

1. **GUARANTY—Time of Payment—Extension—Consent in Assignment.** Where a guarantor, for a valuable consideration, sells and assigns a note made to him under the following assignment: "I hereby assign the within note to F. L. Boling, Kingfisher, Oklahoma, and guarantee the payment of same when due or at any time thereafter, and consent to any extension of the time or renewal, waiving demand, notice and protest"—the owner of the note may extend the time of payment of said note without the consent of the guarantor.

2. **GUARANTY—Duty to Enforce Collection—Demand of Assignor —Question for Jury.** Whether the assignor of the note in this case was entitled to any relief, because of the negligence of the holder in forcing collection while the makers were solvent, on assignor's demand that he proceed so to do, was properly submitted to the jury and decided on conflicting evidence against the contention of assignor.

3. **TRIAL—Order of Proof—Discretion.** The discretion of the trial court is very broad in dealing with the question of the order in which evidence is presented; and hence evidence, proper to be introduced in chief, may be introduced out of its regular order, when the court, in the exercise of its discretion, believes such course proper in facilitating the dispatch of business.

4. **APPEAL AND ERROR—Jurisdiction of the Trial Court.** When the Supreme Court acquires jurisdiction of a case by appeal, the jurisdiction of the trial court is ousted as to any question involved in the appeal; but jurisdiction of collateral matters, not involved in the appeal, or matters happening subsequent to the appeal, remains with the trial court.

(Syllabus by Collier, C.)

*Error from District Court, Kingfisher County;*
*James B. Cullison, Judge.*

Actions by F. L. Boling against M. O. Stetler and others. Judgment for plaintiff, and defendant Stetler brings error. Affirmed.

By order of this court, cause No. 5677 was consolidated with cause No. 4901. In case No. 4901, the action was brought by one of the defendants in error, F. L. Boling, against M. O. Stetler upon the following promissory note:

"$1,000.00.        KINGFISHER, OKLA., July 30, 1909.

"One year after date, we promise to pay to the order of M. O. Stetler, one thousand and no/100 dollars, at the Citizens' State Bank, Kingfisher, Okla., for value received with interest at the rate of 10 per cent. per annum after date until paid.        ·        JOHN R. STURGEON,
"NANCY A. STURGEON,
"JAMES STURGEON."

Said note was indorsed on back as follows:

"For value received, I hereby assign the within note to F. L. Boling, Kingfisher, Oklahoma, and guarantee the payment of same when due or at any time thereafter, and consent to any extension of the time or renewal, waiving demand, notice and protest."

The evidence was in conflict as to whether or not the guaranty stamped on the back of said note was placed there prior to its assignment to plaintiff Boling. After the defendant had introduced his testimony, the court permitted examination of the cashier and the stenographer of said bank, upon the question as to whether or not the guaranty stamped on the back of said note was placed there prior to its assignment. Uncontradicted evidence was introduced that plaintiff in error, after maturity of the note, told Boling to make the Sturgeons pay it; that at said time the Sturgeons were solvent, and afterwards became insolvent; that Boling, without the consent of plaintiff in error, consented to let the payment of the note "go along, provided the interest thereon was paid." De-

fendant in error Boling denied that he had ever been requested by plaintiff in error to enter suit upon the note, until just before he brought said action. There is no evidence in the case that the time of payment of said note was extended by Boling to any definite period, or that any consideration moved from said Sturgeons to Boling for an extension of time of payment of said note. The evidence was in conflict as to whether or not the plaintiff below had exercised proper efforts to collect the note. It is admitted by plaintiff in error in his brief that the court instructed the jury properly concerning the case upon the defense of the defendant; but he insists that the jury decided against the instructions and against the evidence, but fails to point out how the finding of the jury is in conflict with the instructions of the court, or with the evidence in the case, or why he has a right to complain of the action of the jury in regard to 'said instructions. The case was tried to a jury, and a verdict was rendered in favor of plaintiff in the sum of $1,000. Motion and an amended motion for new trial were filed by said Stetler, and were overruled; to which action of the court the defendant duly excepted. Judgment was rendered upon said verdict. The appeal is prosecuted by said Stetler to reverse said judgment upon the following assignment of error.

"That the court erred in overruling the motion and amendment to the motion for a new trial filed by M. O. Stetler, to which ruling the defendant M. O. Stetler, plaintiff in error in this proceeding, then and there excepted."

After the adjournment of the term of court at which this judgment was rendered, the Sturgeons moved the court to set aside the judgment rendered against them

January 1, 1913, in cause No. 4901, for $1,000, upon the ground that said Sturgeons had been, subsequently to the rendition of said judgment, discharged in bankruptcy from the claim upon which said judgment was predicated. Upon hearing said motion, the court found: (1) That the motion was not filed during the same term in which the judgment was rendered, but was filed during a term subsequent to that in which the judgment was rendered; (2) that the court has jurisdiction to hear and decide this motion, notwithstanding the fact, so found by the court, that this action was pending in the Supreme Court, and as yet undetermined. Plaintiff in error excepted to said findings of fact and conclusion of law, and prosecutes an appeal thereon to this court upon the following assignment of error:

"That the court committed prejudicial error in holding jurisdiction of and sustaining the motion of the defendants, James R. Sturgeon, John R. Sturgeon and Nancy A. Sturgeon, to set aside, vacate, or modify the judgment theretofore rendered, and vacating and setting aside as to them the said judgment, all of which was at the time excepted to by the plaintiff in error."

*F. L. Boynton,* for plaintiff in error.

*Geo. L. Bowman,* for defendant in error Boling.

Opinion by COLLIER, C. (after stating the facts as above). If the guaranty was stamped on the back of said note prior to its assignment by plaintiff in error, Boling undoubtedly had the right to extend the time of payment, without further consent of plaintiff in error. But, regardless of whether said guaranty was made at the time said note was assigned, the pivotal point in this case is that there was no evidence that the time of payment of said note was extended for a definite period and

for a consideration moving to Boling, without the consent of plaintiff in error.

In *Cook v. Sorrells*, 43 Okla. 742, 144 Pac. 347, it is held:

"Where, in a suit on a promissory note, the evidence does not tend to disclose an agreement between the payee and the principal debtor for delay in its payment, a judgment in favor of the sureties, exonerating them from payment on that ground, will be reversed.'"

In *Maker v. Taft*, 41 Okla. 663, 139 Pac. 970, 52 L. R. A. (N. S.) 328, it is held that when the defendant sets up in his answer that a payment had been made on a note after its maturity of a sum less than the interest, and a promise made by the creditor to extend the time of payment of such note beyond the time of maturity thereof, there was no consideration for such promised extension, and a demurrer to the answer on the ground that it failed to set out facts sufficient to constitute a defense was well taken, and should have been sustained.

In *Adams v. Ferguson*, 44 Okla. 544, 147 Pac. 772, Judge Brewer says:

"The conflict in the authorities on the point under discussion is noted in 32 Cyc., at page 209, and numerous cases supporting each view are cited in notes 8, 9, 10, and 11. These notes are extended in volume 40, Century Dig. tit. Principal and Surety, sec. 215. We shall not set out the cases on either hand, but will say that we have examined many of them, and have come to the conclusion that upon the question the authorities are about evenly balanced, but that the better reasoning supports the view that an extension of a note to a definite period, by agreement between the holder and principal, without the consent of the surety, by which the principal agrees to pay for the extended period the same rate of interest named

in the original undertaking, has the effect of releasing the surety from any obligation to pay the note."

In *McLemore v. Powell et al.*, 12 Wheat. 555, 6 L. Ed. 726, cited with approval by this court in *Cook v. Sorrels, supra*, it is held:

"An agreement between the creditor and principal debtor for delay, or otherwise changing the nature of the contract, to the prejudice of the surety, in order to discharge the latter, must be an agreement having a sufficient consideration, and binding in law upon the parties."

In 20 Cyc. 1472, the rule is stated as follows:

"The rule with reference to the discharge of a surety by the giving of time is equally applicable to the guarantor of the debt of another. And an extension by the creditor of the time of payment or of performance by the principal debtor without the consent of the guarantor discharges him, if it is something more than a mere indulgence and is based upon a binding agreement, which is for a definite time, and is founded upon a consideration."

Plaintiff in error complains that the evidence of the cashier and the stenographer of said bank as to when the guaranty was stamped on said note, not having been offered in chief, the court committed reversible error in permitting said evidence to be offered in rebuttal. This was not prejudicial eror.

In *Harris v. Palmer*, 25 Okla. 770, 108 Pac. 385, it is held:

"The order of proof is largely a matter of discretion with the trial court, and hence evidence which is properly a part of plaintiff's case in chief may be permitted to be introduced out of its regular order, or the court in the exercise of a sound discretion may reopen a case for the introduction of relevant and material evidence, after both

parties have rested; and, in the absence of a showing of surprise or prejudice or an abuse of discretion, such action will not be subject to reversal."

See, also, *Standifer et al. v. Sullivan*, 30 Okla. 365, 120 Pac. 624:

In his brief, plaintiff in error admits that the instructions of the court correctly gave to the jury the law of the case. As to whether plaintiff discharged his duty to defendant Stetler, as guarantor on the note, by proper efforts to collect and the question as to when the guaranty was indorsed upon said note having been submitted to the jury upon evidence tending to sustain the contention of plaintiff below, and the jury having found adversely to the plaintiff in error, especially in view of the fact that there is no evidence tending to show that plaintiff below agreed with the makers of said note, upon a valid consideration, to extend the time of payment to any definite time, the verdict of the jury is binding upon plaintiff in error and upon this court.

While an appeal is pending in this court, the trial court is without jurisdiction to make any order involving any question covered by the appeal; but matters independent of and distinct from the questions involved in the appeal, and which are purely collateral or supplemental, lying outside of the issues framed in the case appealed, or arising subsequent to the delivery of the judgment from which the appeal is prosecuted, are not taken from the jurisdiction of the trial court by appeal. The general rule that the case leaves the jurisdiction of the trial court when the appeal is perfected is not impinged by holding that purely collateral or supplemental matters are left under the control of the trial court, not-

withstanding the loss of jurisdiction over that part of the case taken to the higher court.

The rule above stated finds support in many cases, among which we cite the following: *Herbert v. Wagg et al.*, 17 Okla. 674, 117 Pac. 209; *Burnett v. Jackson*, 27 Okla. 275, 111 Pac. 194; 4 Enc. L. & P. 251, note 21; 2 Cyc. 978; *Hayes v. Frey et al.*, 54 Wis. 503, 11 N. W. 695; *Kemp et al. v. Nat. Bank of the Republic of New York*, 109 Fed. 48, 48 C. C. A. 213; *Line et al. v. State ex rel. Louder*, 131 Ind. 468, 30 N. E. 703.

The case of *Egbert v. St. L. & S. F. R. Co.*, 50 Okla. 623, 151 Pac. 228, to which our attention is specially called by counsel, is not in conflict with this opinion, and correctly declares the law governing that case. In said case it was sought to affect a question involved in the appeal. In the instant case, a collateral matter, not involved in the appeal, was acted upon, and of which the trial court had not lost jurisdiction by reason of the appeal.

The discharge in bankruptcy was subsequent to the rendition of the judgment appealed from. The subject-matter of the judgment appealed from was covered by the discharge in bankruptcy, and was equivalent in law to a payment of said judgment. Could it be consistently said that, had the Sturgeons, pending the appeal, paid said judgment, then they would not have been entitled to have the record show that such payment was made, to the end that they might not suffer annoyance by the issuance of execution? We think not.

It therefore follows that the judgment of the trial court in case No. 5677, vacating the judgment rendered against said Sturgeons as defendants, and the judgment

against said M. O. Stetler, James, John R., and Nancy A. Sturgeon in cause No. 4901, should be affirmed.

By the Court: It is so ordered.