## McKEE v. JOLLY.

No. 9473—Opinion Filed Jan. 28, 1919.

· (178 Pac. 656.)

(Syllabus.)

**1. Pleading — Amendment — Discretion of Court—Interlineations.**

The amendment of pleadings at the commencement of the trial is within the sound discretion of the trial court, and it is not error for the district court to permit the plaintiff to amend his petition by interlineation, where the amendment does not substantially change plaintiff's claim and it is not shown that any prejudice resulted to the defendant.

**2. Pleading — Construction — Objection to Introduction of Evidence—Review.**

Unless there is a total failure to allege some matter essential to the relief sought, even though the allegations are incomplete, indefinite, or conclusions of law, the action of the trial court in overruling an objection to the introduction of evidence will not be disturbed.

**3. Appeal and Error—Trial—Reception of Evidence—Discretion of Trial Court.**

The order in which evidence shall be received is largely within the sound discretion of the trial court, and, unless it is made to appear that such discretion has been abused, the case will not be reversed because the evidence was received out of its natural order.

**4. Appeal and Error — Exception to Trial Errors—Review.**

Errors alleged to have occurred at the trial in the lower court, unless the same are excepted to, will not be considered on appeal in · the Supreme Court.

Error from District Court, Okmulgee County; Chas. G. Watts, Judge.

Action to quiet title by W. A. Jolly against W. L. McKee. Judgment for plaintiff, and defendant brings error. Affirmed.

Orlando Swain, for plaintiff in error.

C. W. Holbrook and C. A. Dickson, for defendant in error.

RAINEY, J. This is an action instituted in the district court of Okmulgee county, by W. A. Jolly, as plaintiff, against W. L. McKee, as defendant, to quiet the title to a tract of land allotted to one Obie Harjo, a citizen of the Creek Nation. Judgment was for the plaintiff. For convenience the parties will be denominated plaintiff and defendant as they appeared in the trial court.

It appears from the pleadings and evidence that the plaintiff deraigns title through a deed from the heirs of Abie Harjo, deceased, which deed was duly approved by the county court of Okmulgee county, Okla., and that the defendant claims title to a four-fifths interest in and to said land by virtue of unapproved deeds from a number of the same heirs.

The first assignment of error is that the trial court erred in permitting the plaintiff to amend his petition by intelineation at the commencement of the trial. The petition, before the interlineation, alleged that the lands in controversy were allotted and patented by the United States government and the Creek Nation to Obie Harjo, as his proportionate share of the lands of the Creek Nation, and, by the amendment, the words **"a restricted full blood"** were interlined after the name of the allottee. In the succeeding paragraph of the petition, it was alleged that at the time of his death the said Obie Harjo left surviving him, as his sole and only heirs at law, Hepsey Harjo, his mother; Peter Harjo and Nathan Harjo, his brothers; Rosanna Anderson, nee Harjo, and Lovina Harjo, his sisters—and immediately after the names of these heirs said paragraph was amended by interlining the words "all full bloods." To permit these amendments to the petition was within the sound discretion of the trial court, and, as the amendments did not substantially change plaintiff's claim and it does not appear that the defendant was prejudiced in any way by said amendments, this assignment is without merit. Jones v. S. H. Kress & Co., 54 Okla. 194, 153 Pac. 655; St. L. & S. F. Ry. Co. v. Long, 41 Okla. 177, 139 Pac. 1156, Ann. Cas. 1915C, 432.

The next assignment of error is that the court erred in overruling the objection to the introduction of any evidence by the plaintiff, this objection being based on the ground that the petition did not state a cause of action. This assignment, in our opinion, is also without merit, for, upon examination, we find that the petition alleges that the plaintiff is the owner of and in possession of said land, that he purchased the same from the heirs of the decedent, and that his deed was duly approved by the county court of Creek county, the court having jurisdiction to approve the same, and it further alleges that defendant's deed is

void, for the reason that the same was never approved by the said county court of Creek county; that the same is a cloud upon the title of the plaintiff, and should be canceled. No demurrer or motion to make this petition more definite and certain was filed, and we think as against an objection to the introduction of eveidence, the petition stated a cause of action. The method employed to test the sufficiency of this petition is not favored in this jurisdiction, and we have frequently held that unless there is a total failure to allege some matter essential to the relief sought, even though the allegations are incomplete, indefinite, or conclusions of law, the action of the trial court in overruling an objection to the introduction of evidence will not be disturbed. National Bank of Commerce of Porum v. Jackson, 69 Okla. 93, 170 Pac. 474; First National Bank of Tecumseh v. Harkey et al., 63 Okla. 163, 163 Pac. 273.

The plaintiff offered in evidence Exhibit A and B; the first designated exhibit being a warranty deed to the lands in controversy, and the second, a certified copy of the order of the county court of Creek county approving said deed. These exhibits were admitted over the objection of the defendant. This is assigned as error, and it is contended that at the time said exhibits were admitted in evidence no evidence had been offered that any of the grantors "were Indians of any degree of blood, or were citizens of the Creek Nation, or were members of any of the Five Civilized Tribes." The order in which evidence is received is largely within the sound discretion of the trial court, and, since the proofs of the degree of blood of said Indians were afterwards supplied. it is apparent that the assignment is not well taken. Stetler v. Boling et al., 52 Okla. 214, 152 Pac. 452; Ackerman v. C. C. Chappell Hardware Co., 41 Okla. 275, 137 Pac. 349; Barricklow et al. v. Boice et al., 50 Okla. 260, 150 Pac. 1094.

The next assignment of error is that the court erred in admitting in evidence over the defendant's objection a census card of Obie Harjo, showing the names of plaintiff's grantors, their relationship to the allottee, and that all of said persons whose names appeared on the card were full blood Creek Indians. Counsel for defendant objected to the admission of this exhibit, but did not at the trial, nor does he here, contend that the census card was not competent to show the degree of blood of the allottee and his heirs but rests his objection on the ground that there was no allegation in the pleadings authorizing the plaintiff to make proof that said allottee and his heirs were full-blood Indians. It is obvious that there was no error in this ruling, since we have already held that the court did not err in permitting the amendments by interlineation and that the petition was sufficient as against the objection to the introduction of evidence. Moreover, no exception was saved, which precludes defendant from urging the alleged error in this court as ground for reversal. Strahan v. De Soto Paint Mfg. Co., 55 Okla. 444, 154 Pac. 1128.

Upon an examination of the entire record, it appears that all the assignments of error are directed to irregularities in the procedure, and not to the merits of the controversy. The record clearly discloses that the plaintiff procured a good title from the heirs of Obie Harjo by virtue of his approved deed. and that the defendant's unapproved deed was a cloud upon plaintiff's title, and the trial court did right in rendering judgment accordingly.

The judgment is therefore affirmed.

All the Justices concur.