## STANFIELD v. LINCOLN et al.

No. 19961. Opinion Filed March 31, 1931.

Rehearing Denied July 28, 1931.

Guy F. Nelson and James W. Cosgrove, for plaintiff in error.

Woodson E. Norvell, B. C. Franklin, P. A. Chappelle, N. E. McNeill, Harry Stege, Geo. B. Schwabe, A. A. Hatch, W. N. Maben, and LeRoy Paddock, for defendants in error.

ANDREWS, J. M. L. Lincoln instituted a suit in the district court of Tulsa county, Okla., against B. F. Stanfield, Lizzie Robinson, and Andy Rider and alleged that he

was the surviving husband of Annie Canard, who died possessed of the 30 acres of land in controversy, leaving surviving her as her sole and only heirs at law the plaintiff, Lizzie Robinson, her mother, and Andy Rider, her father, and that they were keeping him out of possession of the land. He further alleged that B. F. Stanfield claimed some right, title, and interest in and to the land by reason of the deed from Annie Canard, which deed he alleged to be a forgery and, if not a forgery, to be void for the reason that the land described therein constituted the homestead of himself and Annie Canard and he had never joined therein. W. A. Robbins, as the administrator of the estate of Annie Canard, was permitted to intervene, setting up his rights as such administrator, and Frank Ingraham was permitted to intervene as the guardian of Lizzie Robinson, an incompetent. Stanfield's pleadings asserted that the plaintiff was never married to Annie Canard, that the land was not the homestead, and that his deed is valid. Lizzie Robinson and her guardian, Andy Rider, and W. A. Robbins, administrator, by their pleadings denied the marriage of the plaintiff to Annie Canard and alleged that the Stanfield deed was a forgery.

Upon those issues the cause was submitted to a jury. A general verdict was waived and special interrogatories were submitted and answered by the jury and returned in court. Thereupon the court rendered judgment in conformity with the verdict in favor of Lizzie Robinson, Andy Rider, and W. A. Robbins, as administrator of the estate of Annie Canard, deceased and against the plaintiff, M. L. Lincoln, and against the defendant B. F. Stanfield.

From that judgment B. F. Stanfield and M. L. Lincoln each appealed.

For clarity the parties will be hereinafter referred to by their individual names.

B. F. Stanfield, as the plaintiff in error, presented twelve assignments of error. The eighth assignment, as follows:

"The court erred in excluding competent, relevant and material testimony offered by plaintiff in error"

—and the ninth assignment, as follows:

"The court erred in requiring plaintiff in error to open the trial by introduction of evidence on his part"

—were briefed together and, in support thereof, it is asserted that Stanfield offered in evidence a photostatic copy of the recorded deed from Annie Canard to him, after

having testified that the original was not in his possession, but in the possession of the county attorney of Muskogee county, and after testifying that it was a true and correct copy. The offer was rejected. The authorities cited are to the effect that the instrument should have been admitted in evidence.

We will not discuss the authorities cited for the reason that under the state of the record we do not think they are controlling. When the controversy arose over the introduction of the photostatic copy because the original was in the possession of the county attorney of Muskogee county, the following transaction, shown by the record, took place:

"Mr. Nelson: The record now will show that the defendant Stanfield's exhibit 1, by agreement of counsel, may be used with the understanding that the original deed may be introduced in lieu thereof and considered the evidence.

"Mr. McNeill: Well, I am not going to say about the introducing of it; no objection to your using the certified copy for the purpose of interrogating the witnesses as regarding the signature, the notary's certificate, or whatever of those things they use, and it will be treated that they would say the same as being the original until the original arrives.

"The Court: Is that satisfactory?

"Mr. Nelson: That is all right.

"The Court: All right."

Since Stanfield, through his attorney, agreed to that procedure, he cannot now predicate error on the procedure agreed to by him. General Explosives Co. v. Wilcox, 131 Okla. 190, 268 Pac. 266.

"The matter of the mere order in which proof is introduced at a trial rests very much within the sound discretion of the trial court, and unless it clearly appears that this discretion has been abused to the injury of the complaining party, a judgment will not be reversed on this ground." In re Estate of McDade, 95 Okla. 120, 218 Pac. 532; Gower v. Short, 36 Okla. 30, 127 Pac. 485; Stetler v. Boling, 52 Okla. 214, 152 Pac. 452; Barricklow v. Boice, 50 Okla. 260, 150 Pac. 1094; Lamont Mercantile Co. v. Piburn, 51 Okla. 618, 152 Pac. 112; Wilson v. Moran, 82 Okla. 34, 197 Pac. 1051.

We find no abuse of discretion in this record. No exception was taken as to the manner of proceeding, and Stanfield, desiring the opening and closing, was permitted to make the opening and closing argument to the jury. He cannot now complain.

The first, second, third, fourth, and sixth

assignments of error go to the question of error in rendering the judgment against the plaintiff. They were briefed together. The first assignment is that the answer of the jury that the deed in question was a forgery is not sustained by sufficient evidence: the second, that it is contrary to the evidence; the third, that it is against the weight of the evidence; the fourth, that it is contrary to the law; and the sixth, that it is contrary to and in disregard of the court's instructions.

Stanfield admits that the court properly instructed the jury. The issues were submitted to the jury under those instructions, and the question as to whether or not the deed was a forgery being one for the jury, its determination thereof will not be disturbed by this court, if there is any competent evidence reasonably tending to support it. Abraham v. Gelwick, 123 Okla. 248, 253 Pac. 84. Stanfield cites no authority in support of those assignments and we know of none, in view of the fact that he did not, at the conclusion of all the evidence, demur thereto or request the court for an instructed verdict. The rule stated by this court and consistently followed is that where a defendant demurs to the evidence in chief and thereafter introduces evidence, and the plaintiff thereafter introduces further evidence, and the defendant fails to renew his demurrer to all the evidence, or request an instructed verdict, and permits the issues joined to be submitted to the jury upon all the evidence without objection and exception, the verdict, on review in this court, is conclusive so far as such evidence is concerned, except as to excessive damages, appearing to have been given under the influence of passion or prejudice. Abraham v. Gelwick, supra; Dryfoos v. Davison, 146 Okla. 160, 293 Pac. 1099. There is ample competent eivdence in the record to support the verdict of the jury and the same will not be disturbed by this court.

The fifth assignment of error asserts that the jury's answer to the interrogatory was based upon sympathy for Lizzie Robinson and not upon the evidence or law. In support thereof it is said that the verdict for Stanfield would have operated to remove Lizzie Robinson, 60 years old, her mother, and all of her relatives from the premises. No authority is cited in support of that contention and we know of none. A number of witnesses testified that Annie Canard was in Tulsa on the day the instrument is said to have been executed in the town of Haskell.

Two witnesses who testified as experts

testified that the deed was a forgery. The deed bears the date of one day before the death of Annie Canard and was not filed for record until after her death. A cash consideration of $3,800 was said to have been paid to her. Stanfield says that he borrowed a large portion of the money and carried it in his pocket for a month. The money was not found after the death of Annie Canard and none of those with whom she was living saw her with it. The deed to the land said to have been given as a part consideration was not recorded and was never seen by any of the relatives or friends of Annie Canard. We cannot say that there is no competent evidence to sustain this verdict.

What we have said with reference to the last assignment of error is controlling as to the seventh assignment, as follows:

"The court erred in overruling the demurrer of defendant Stanfield to the evidence of defendants in error."

The tenth assignment deals with error in overruling the motion of the defendant Stanfield for judgment in his favor notwithstanding the verdict and finding of the jury. This court has repeatedly held that such a motion should be overruled where there is competent evidence reasonably tending to support the verdict of the jury. Oklahoma Produce Co. v. Cotton Products Co., 111 Okla. 257, 239 Pac. 656; Eldridge v. Vance, 138 Okla. 201, 280 Pac. 570; Spruce v. Chicago, R. I & R. Co., 139 Okla. 123, 281 Pac. 586; St. Louis-San Francisco R. Co. v. Eakins, 141 Okla. 250, 284 Pac. 866.

The eleventh assignment of error deals with error in refusing to grant a new trial. We have covered that herein.

The twelfth assignment of error, reading as follows:

"The court erred because it refused to disapprove the verdict of the jury and failed to affirmatively approve the same"

—is not supported by the record, which shows that, "The court, upon the interrogatories as answered by the jury and from the evidence of the case, finds as follows: * * * that the deed purported to have been executed by Annie Canard on the 9th day of June, 1927, to B. F. Stanfield and duly recorded in book 636, page 294, county clerk's office of Tulsa county, state of Oklahoma, is a forgery and conveyed no title or interest in said property to B. F. Stanfield; that the said B. F. Stanfield has no right, title, or interest in and to said premises."

We find no error in the record that will

justify the vacation of the judgment against the plaintiff in error, B. F. Stanfield, and that judgment is affirmed.

M. L. Lincoln appealed and in his brief presented eleven assignments of error which are grouped in the record under headings, the first of which is as follows:

"The trial court erred in permitting the introduction of any evidence on the part of the defendants at the beginning of the trial for the reason their respective answers and cross-petitions failed to state facts sufficient to constitute any defense to plaintiff's petition or to entitle the defendants, or either of them to any relief as against the plaintiff; and that no material issues of facts or legal propositions were tendered by said answers or cross-petitions."

The action was in ejectment and, under a general denial, all defenses, legal and equitable, may be proven. Lindeberg v. Messman 95 Okla. 64, 218 Pac. 844; Woodard v. Speck, 117 Okla. 27, 245 Pac. 630. The burden was upon the plaintiff to prove his marriage. There is no error under this assignment.

The sufficiency of the evidence is presented by the third, fourth, and fifth assignments of error, which are grouped together. Lincoln did not, at the close of all the testimony, demur to the evidence or request the court to instruct the jury to return a verdict in his favor. Under the cases hereinabove cited, the sufficiency of the evidence will not be reviewed by this court.

The ninth and tenth assignments of error involve the instructions to the jury. It is contended that the court erred in giving instruction No. 5. That instruction was as follows:

'Said marriage, if any, is a sufficient ceremonial marriage if you find by a preponderance of the evidence that the same was performed by Amos T. Hall between said Annie Canard and M. L. Lincoln in the manner and form as the same appears on the face of the marriage license and marriage certificate. Such marriage license and marriage certificate create no presumption of marriage between said parties, but may be considered by you together with all the other evidence in this case in determining whether or not said parties were married on the first day of July, 1926. The fact that said marriage certificate was not returned to, and filed in, the county court clerk's office within thirty days does not invalidate the marriage, if you find there was a marriage, but such fact may also be considered by you along with all the other evidence in determining whether such marriage occurred."

That instruction must be considered with the other instructions given and, when so considered, we find no error therein. In considering whether or not the instructions are correct, due effect must be given to the testimony. The facts show that the marriage license was issued June 30, 1926. The certificate shows that the marriage was performed on July 1, 1926. Annie Canard died June 10, 1927. The certificate of marriage was returned to the county clerk's office on July 12, 1927. The certificate recites that Lincoln and Annie Canard were married by A. H. Hall, justice of the peace, in the presence of Betty Young and F. T. Smith. The existence of a marriage and the existence of facts essential to establish a marriage are questions for a jury. Fender v. Segro, 41 Okla. 318, 137 Pac. 103. The instruction given authorized the jury to consider the license and return, the testimony of the justice of the peace and the witnesses and all the other facts and circumstances in connection therewith. The jury heard all of that testimony and found against Lincoln. There was much evidence in the record against the contention of Lincoln.

Lincoln contended that he had married Annie Canard during her lifetime. That issue was submitted to the jury by proper instruction and the jury returned a verdict against Lincoln. There is abundant evidence to support that verdict and there was no error in the rendition of judgment thereon by the trial court. That judgment is affirmed.

The judgment of the trial court is affirmed.

LESTER, C. J., CLARK, V. C. J., and RILEY, CULLISON, SWINDALL, and KORNEGAY, JJ., concur. HEFNER, J., absent. McNEILL, J., not participating.