May Term,
1861.

NILL
v.
COMPARET.

---

### NILL and Another *v.* COMPARET.

The only effect of an appeal to a Court of Error, when perfected, is to stay execution upon the judgment from which it is taken. In all other respects, the judgment, until annulled or reversed, is binding upon the parties, as to every question directly decided.

It is no bar to an action upon a judgment, that the judgment has been removed by writ of error to a Superior Court.

| 16 | 107 |
| 131 | 470 |

| 16 | 107 |
| 152 | 630 |

| 16 | 107 |
| 165 | 337 |

APPEAL from the *Allen* Common Pleas.

DAVISON, J.—The appellee, who was the plaintiff, sued *Nill* and *Miller* upon a promissory note for the payment of $311. The note bears date *February* 1, 1858, and was payable to one *Thomas Meegan*, who assigned it to the plaintiff. Defendants' answer contains five paragraphs, to which the plaintiff replied. There was a verdict for the plaintiff, upon which the Court, over a motion for a new trial, rendered judgment. This case is before us upon a reserved question of law, arising upon a demurrer to the reply to the fourth and fifth paragraphs of the answer.

The fourth paragraph alleges that *Meegan*, before he assigned the note, was, and still is, indebted to *Nill* $700, upon an account, which is filed with the pleading and offered

Wednesday,
May 29.

as a set-off against the plaintiff's demand. The fifth states these facts: *Nill* is the principal in the note in suit, and *Miller* is his surety. During the year ending in *May*, 1857, *Meegan*, the assignor of the note, was the city treasurer of *Fort Wayne*, and *Nill* became his immediate successor in office. In that month he was qualified as such successor, when it became the duty of *Meegan* to pay over to him, *Nill*, any balance then in the city treasury. At that time, *Meegan* represented to *Nill* that there was a balance of $781, then on deposit in *Hamilton's* Bank, in the city of *Fort Wayne;* and *Nill*, relying on his representation, receipted to him, *Meegan*, for that amount, as such treasurer, and took from him authority to draw the same out of the bank. After *Nill* became treasurer, *Meegan* continued to perform the duties of the office, as *Nill's* deputy, and still continued to deposit moneys received into the city treasury in *Hamilton's* Bank. At the time the note sued on was given, *Nill* was not advised of the true state of the bank account, or of the state of the deposits therein; and it was then stipulated that they, *Meegan* and *Nill*, should subsequently meet and settle that account, and if any balance should be found due to *Nill*, the same should stand as a credit on said note. As stipulated, the parties met, and upon examination of said accounts a balance of $325 was found due from *Meegan* to *Nill;* and *Meegan* having refused to credit the note with the amount so found due, the same is, therefore, a proper set-off in this action. It is averred that *Comparet*, the assignee, had, at the time of the assignment, full notice of *Nill's* claim against *Meegan*.

To these defenses the plaintiff replied: that on *April* 10, 1858, an action was pending in the *Allen* Common Pleas, wherein the present plaintiff was then plaintiff, and the present defendants were then defendants, in which action, so pending, the same identical matters in said defenses contained, were pleaded by said *Nill*, in said last mentioned action, as a set-off to the cause of action then set forth in the plaintiff's complaint. That such proceedings were had in said action, that the same court, at its *April* term, 1858, adjudged and determined that *Meegan* was not indebted to *Nill*, as alleged;

and that the defendants, as to the matter so pleaded, take nothing as against the plaintiff; from which judgment and determination, *Nill* and *Miller*, the then, and now, defendants, appealed to the Supreme Court, where that cause is now pending; wherefore, &c. Defendants demurred to this reply; but their demurrer was overruled, and they excepted. Against this ruling, it is insisted that the appeal having been perfected, the judgment appealed from became inoperative during the pendency of the appeal in the Supreme Court, and the matter determined in the action, in which the judgment was rendered, ceased to be "*res adjudicata.*" This position is not, in our opinion, correct. Indeed, the only effect of an appeal to a Court of Error, when perfected, is to stay execution upon the judgment from which it is taken. In all other respects, the judgment, until annulled or reversed, stands binding upon the parties, as to every question directly decided. *Cole* v. *Connolly*, 16 Ala. 271. And it has been expressly decided, that " It is no bar to an action upon a judgment, that the judgment has been removed by writ of error to a Superior Court." *Suydam* v. *Hoyt*, 1 Dutchers' N. J. Rep. 230. The reply seems to be well pleaded, and must be held effective.

*Per Curiam.*—The judgment is affirmed, with 5 per cent. damages and costs.

*Wm. H. Combs*, for the appellant.

*Withers* and *Morris*, for the appellee.