No. 15,464.

LINE ET AL. *v.* THE STATE, EX REL. LOUDER.

PRACTICE.—*Motion to Make More Specific.—How Made Part of Record.*—A motion to make a complaint more specific is not a part of the record unless brought into such record by a bill of exceptions.

SAME.—*Demurrer to Complaint in Action on Bond.—Specifications of Error.— Assignment of Error.*—The particular ruling on a demurrer to separate breaches of a bond assigned in the complaint must be specified in the assignment of error to present on appeal a question on a ruling thereon.

SAME.—*Suit on Judgment Pending Appeal.*—Parties are not precluded from suing on a judgment or from prosecuting collateral or independent proceedings after an appeal is taken, although a supersedeas is granted.

FRAUDULENT CONVEYANCE.—*Sufficiency of Complaint.—No Property Subject to Execution.*—In an action to set aside a fraudulent conveyance it must be alleged in the complaint that at the time of the conveyance, as well as at the time the action was commenced, the defendant, or grantor, had no property subject to execution.

DAMAGES.—*Limit in Suit on Guardian's Bond.*—The amount of recovery in an action on a guardian's bond can not exceed the amount of the penalty designated in the bond.

COSTS.—*Reversal in Part.—Principal and Surety.—Action to Set Aside Fraudulent Conveyance.*—In an action on a guardian's bond, and to set aside a fraudulent conveyance by the surety, where a demurrer had been erroneously overruled as to the surety and his wife, the court reversed the

case as to the surety and his wife and adjudged the costs against the relator and in favor of the principal defendant and his surety back to the return of the verdict, the other costs in favor of the relator, and adjudged all costs in favor of the wife.

From the Huntington Circuit Court.

*J. B. Kenner, J. I. Dille, B. M. Cobb* and *C. W. Watkins,* for appellants.

*J. C. Branyan* and *M. L. Spencer,* for appellee.

ELLIOTT, C. J.—The relator's complaint is founded on a bond executed by the appellant Line, as principal, and the appellant Samuel Pressler, as surety. The bond is conditioned for the faithful performance by the principal obligor of his duties as guardian of an infant ward. The complaint also seeks to set aside, as fraudulent, a conveyance made by Pressler to his wife.

A motion to make a complaint more specific is not part of the record proper, and it is not brought into the record by the act of the clerk in copying it into the transcript.

No question is presented upon the ruling on the separate demurrer to the breaches of the bond assigned in the complaint, for the reason that there is no specification of error presenting the ruling for consideration. The particular ruling must be specified in the assignment of errors or no question will be presented on such ruling.

We regret to be compelled to hold that the second paragraph of the complaint is bad in so far as Mrs. Pressler the fraudulent grantee is concerned. It is bad for the reason that it fails to allege that the alleged fraudulent grantor had no property subject to execution at the time the suit was commenced. It is settled law in this jurisdiction that a complaint to set aside a fraudulent conveyance is bad unless it shows that at the time the suit was commenced, as well as at the time the conveyance was made, the grantor had no property subject to execution. The reason for the rule is, that a plaintiff has no right to subject property in the hands

·of a grantee of his debtor to sale unless it appears that there is no other property which can be reached by ordinary legal process. *Bruker* v. *Kelsey,* 72 Ind. 51; *Sherman* v. *Hogland,* 73 Ind. 472; *Phelps* v. *Smith,* 116 Ind. 387 (394), and cases cited; *Sell* v. *Bailey,* 119 Ind. 51, and cases cited. The question as it is here presented is one of pleading and not of evidence, so that the decision in *Towns* v. *Smith,* 115 Ind. 480, is not in point. The special verdict does not cure the error. It is defective in not finding that the grantor in the alleged fraudulent conveyance had no property subject to execution at the time the conveyance was executed.

The answer setting forth that there was an appeal pending from a judgment setting aside the order approving the guardian's final report was not good. An appeal, where a supersedeas is obtained, stays proceedings on the judgment from which the appeal is prosecuted, but it does not preclude parties from suing on the judgment or from prosecuting collateral or independent proceedings. *Burton* v. *Burton,* 28 Ind. 342; *Burton* v. *Reeds,* 20 Ind. 87; *Randles* v. *Randles,* 67 Ind. 434; *Nill* v. *Comparet,* 16 Ind. 107; *State, ex rel.,* v. *Krug,* 94 Ind. 366 (371).

The penalty of the bond sued on is one thousand dollars. Under our decisions there can be no recovery beyond the penalty of the bond in a case where the penalty is expressly designated. *Meadows* v. *State, ex rel.,* 114 Ind. 537; *Graeter* v. *De Wolf,* 112 Ind. 1. The relator has offered to remit the amount of the judgment in excess of one thousand dollars, and is hereby permitted to do so.

The personal judgment as to Benajah Line and as to Samuel Pressler, is affirmed upon the *remittitur.* The judgment as to Eliza Pressler and Samuel Pressler as to the alleged fraudulent conveyance, is reversed. The costs must be adjudged against the relator in favor of Samuel Pressler and Benajah Line, back to the return of the verdict. Other costs are adjudged in her favor. All costs are adjudged in favor of Eliza Pressler.

The judgment, so far as affects the right to set aside the conveyance to Eliza Pressler, is reversed, and the cause is remanded with instructions to permit the relator to amend her complaint, if she so elects, and if issue be joined thereon, to try such issue as to the alleged fraudulent conveyance, but not to open the case as to any other issue.

Filed March 17, 1892; petition for a rehearing overruled May 10, 1892.