## CITY OF HAMMOND v. EVANS.

[No. 2,853. Filed December 13, 1899.]

PLEADING.— *Judgments.*— *Jurisdiction.*— Where it is averred in a complaint to enforce a judgment that the judgment was rendered by a court of general jurisdiction, it is not necessary that the averments show affirmatively that the court had jurisdiction to render the judgment sued upon. *p. 502.*

SAME.—*Judgments.*—A judgment is a debt of record, and, as such, may be made the foundation of an action, and, in a suit to recover such debt, an averment that it is due and unpaid is sufficient to show that the judgment is in full force. *p. 502.*

JUDGMENTS.—*Appeal.*—The holder of a judgment may bring suit for its enforcement pending an appeal. *p. 502.*

BILLS AND NOTES.—*City Warrant.*—A city warrant is not a negotiable instrument in such a sense as to protect a *bona fide* holder against defenses. *p. 503.*

City of Hammond *v.* Evans.

ATTORNEY AND CLIENT.—*Ratification of Act of Attorney.*—The fact that one remains silent and does not expressly disavow an act of an attorney is not of itself conclusive of ratification. *pp. 503, 504.*

ESTOPPEL.—*Attorney and Client.*—A judgment creditor will not be estopped from maintaining an action for the enforcement of a judgment by the fact that she did not disavow a settlement made by her attorney, by reason of which a proposed appeal from the judgment was abandoned, where it is not shown that plaintiff knew all of the facts concerning the settlement and proposed appeal, or that she kept silent for the purpose of inducing the judgment debtor to abandon the appeal. *p. 504.*

From the Porter Circuit Court. *Affirmed.*

*J. Kopelke, Lawrence Becker* and *Peter Crumpacker,* for appellant.

*A. F. Knotts, J. O. Bowers* and *B. Borders,* for appellee.

ROBINSON, J.—Appellee sued on a judgment previously recovered against appellant awarding damages for personal injuries. The first error assigned questions the sufficiency of the complaint. We can not agree with counsel that the complaint fails to charge that appellant obtained the judgment, and that the same is in full force and unreversed. The amended complaint avers that in 1895 appellee was married to one Charles Evans; that October 6, 1894, her name was Viola Johnson, and on that date she obtained a judgment against appellant, in a named sum, duly given and rendered by the Lake Circuit Court in an action then pending in that court; that such judgment is due and wholly unpaid. The suit was brought in February, 1896, and the amended complaint was filed May 18, 1896. It shows that the judgment was rendered by a court of general jurisdiction, and need not show affirmatively that the court had jurisdiction. A judgment is a debt of record, and as such may be made the foundation of an action. And in a suit to recover such a debt an averment that it is due and unpaid is sufficient to show that the judgment is in full force. Although an appeal may have been taken and is still pending, the holder of the judgment may bring suit on it pending the appeal. The com-

plaint states a cause of action. See *Palmer* v. *Glover*, 73 Ind. 529; *Gould* v. *Hayden*, 63 Ind. 443; *Line* v. *State, ex rel.*, 131 Ind. 468; *Nill* v. *Comparet*, 16 Ind. 107, 79 Am. Dec. 411.

It appears that the former judgment was rendered October 6, 1894. On the 16th of July, 1895, one of appellee's attorneys of record compromised and settled the judgment with the city, and received a warrant for the sum agreed on. The warrant was not paid for want of funds, and the attorney discounted it and kept the proceeds, no part of which was ever paid to appellee. The city paid the warrant April 29, 1896, some time after suit was brought on the judgment.

Although a city warrant is an evidence of indebtedness upon which the holder may maintain an action, and constitutes a *prima facie* cause of action, yet it is not a negotiable instrument in such a sense as to be protected in the hands of a *bona fide* holder against defenses. *City of Connersville* v. *Connersville, etc., Co.*, 86 Ind. 184.

It is argued that a new trial should have been granted because of newly discovered evidence, and that the verdict was not supported by the evidence and was contrary to law.

The answers relied upon by appellant pleaded this compromise and settlement of the former judgment by the attorney, the ratification of such settlement by appellee, and estoppel. The evidence is directly conflicting whether the attorney had authority to make the settlement, and the jury's determination of that question can not be reviewed by this court.

There is evidence to show that the act of the attorney in making the settlement and compromise was ratified by appellee, but upon this question the evidence is conflicting. No good purpose would be subserved in setting out the evidence. It is not claimed that the evidence showing a ratification is uncontradicted. The jury, and the trial court upon the motion for a new trial, have weighed the evidence, and

their conclusion as to the preponderance is final. It was not necessary that appellee should expressly disavow the act of the attorney, and her silence would not be conclusive of ratification. Thus it is said: "The silence of a party, with the knowledge of what has been done for him in his name, is evidence of ratification, of more or less force, according to the circumstances in which it occurs." *Haggerty* v. *Juday*, 58 Ind. 154.

It is further argued that appellee is estopped to deny the settlement, as she did not disavow it as soon as she learned of it, or within a reasonable time, and that appellant gave up the appeal it was about to perfect in consequence of the compromise. It is by no means clear from the record that the necessary steps had been taken to perfect an appeal when the compromise was made. But even conceding this, some of the elements of estoppel as declared by the Supreme Court are wholly wanting. It is not shown that appellee knew all the facts about the attempted settlement, and about the proposed appeal, or that appellee kept silent for the purpose of inducing the city to abandon the appeal. There is not knowledge on one side and ignorance on the other. The facts fail to show any fraud. See *Karnes* v. *Wingate*, 94 Ind. 594; *Terre Haute, etc., R. Co.* v. *Rodel*, 89 Ind. 128, 46 Am. Rep. 164.

The newly discovered evidence because of which a new trial was asked consisted of two letters written by appellee to the attorney who made the compromise. These letters would have been competent evidence to go to the jury in determining whether the appellee had ratified the attorney's act. They were not competent for any other purpose. They were evidence of the same kind and to the same point as the letter of appellee to the attorney which was read in evidence. It is well settled that evidence of the same kind and to the same point is cumulative and that a new trial will not be ordered because of newly discovered evidence when such

evidence is cumulative.  *Hines* v. *Driver*, 100 Ind. 315; *Offutt* v. *Gowdy*, 18 Ind. App. 602.

The other questions reserved are waived because not discussed.  Judgment affirmed.