BOARD OF FINANCE OF CLARK TOWNSHIP OF PERRY COUNTY v. THE STATE OF INDIANA, EX REL. TELL CITY NATIONAL BANK.

[No. 21,422.    Filed June 9, 1909.    Rehearing denied October 15, 1909.]

1. TOWNSHIPS.—*Boards of Finance.*—*Depositories.*—*Designating.*— Upon an "appeal" taken under §7534 Burns 1908, Acts 1907, p. 391, §13, the court or judge thereof in vacation is authorized to approve the bond tendered by a bank, or trust company, to a board of finance of a township, and may determine the fitness of such bank or trust company for, and designate the same as, a public depository.    p. 55.

2. MANDAMUS.—*Other Adequate Legal Remedy.—Township Boards of Finance.—Designating Public Depositories.*—Mandamus does not lie to compel a township board of finance to designate an applicant bank as a public depository, since by §7534 Burns 1908, Acts 1907, p. 391, §13, a complete remedy for a wrongful refusal so to designate, is given by appeal. p. 55.

3. PLEADING.—*Complaint.—Mandamus.—Presentation of Bond by Bank to Township Board of Finance.—Presumptions.*—Under an allegation, in a petition for mandamus, that the applicant bank tendered to defendant township finance board a bond executed by a surety company authorized to do business in this State, it will not be presumed that such board approved such bond, an appeal being provided for in case of its refusal so to approve (§7534 Burns 1908, Acts 1907, p. 391, §13). p. 56.

4. PLEADING.— *Complaint.—Mandamus.—Designating Depositories. —Approval of Bond.—Failure to Allege.*—A complaint to compel a township board of finance to designate the relator bank as a public depository, which fails to allege that relator's bond, furnished as surety for moneys received, was approved by such board, is bad. p. 56.

5. CONSTITUTIONAL LAW.—*Township Boards of Finance.—Appeal.— Judicial Bodies.—Statutes.*—Township boards of finance are not judicial bodies, but sections of a statute providing appeals therefrom (§§7534, 7537 Burns 1908, Acts 1907, p. 391, §§13, 16), are not for that reason unconstitutional, such provisions constituting a convenient way of bringing the questions before a judicial tribunal. p. 56.

From Perry Circuit Court; *Christopher W. Cook,* Judge.

Action by The State of Indiana, on the relation of the Tell City National Bank, of Tell City, Indiana, against the Board of Finance of Clark Township of Perry County. From a judgment for plaintiff, defendant appeals. *Reversed.*

*O. C. Minor* and *William M. Waldschmidt,* for appellant. *Norman E. Patrick* and *Philip Zoercher,* for appellee.

MONKS, J.—This proceeding was brought by the relator to compel appellant, by writ of mandate, to designate it as a depository of a part of the public funds of said township, under the provisions of section thirteen of the act of 1907 (Acts 1907, p. 391, §7534 Burns 1908).

Appellant's demurrer for want of facts to the alternative

writ of mandamus was overruled, and upon its refusal to plead further, judgment was rendered in favor of appellee, and a peremptory writ ordered.

The errors assigned call in question the action of the court in overruling the demurrer to the alternative writ.

Appellant insists that §7534, *supra,* provides an adequate remedy by appeal from the action of appellant, and therefore mandamus will not lie. Said section reads as follows: ''If any board of finance fails or refuses to approve the bond or securities of any such bank or trust company, the same may be presented to the circuit or superior court in the county, or the judge thereof in vacation, which, after three days' notice to the secretary of any such board of finance, shall proceed to hear and determine the sufficiency of such bond or security, and shall approve or disapprove the same as the facts warrant. Such court or the judge thereof in vacation shall also investigate the financial responsibility of any such bank or trust company and determine its fitness to be designated a depository of public funds. If such court or the judge thereof in vacation approves said bond or security, and finds said bank or trust company a proper institution to be entrusted with such funds, said bank or trust company shall be declared by such court or the judge thereof in vacation a public depository.''

It is provided in section sixteen of said act (§7537 Burns 1908), ''that the commission of any depository may be revoked at any time, and an immediate accounting and settlement required by the board of finance under which it operates, for any cause deemed sufficient by such board of finance. Such depository, however, shall have the same right of appeal, and the circuit or superior court, or the judge thereof in. vacation, the same jurisdiction to try and determine the case, as provided for appeals in section 13 hereof.''

When there is an ''appeal'' under §7534, *supra,* to the circuit or superior court, or the judge thereof in vacation, the

court or judge is not only authorized to approve or
1. disapprove the bond or other security as the facts may
warrant, but also to investigate and determine the fit-
ness of any such bank or trust company to be designated as
a depository of public funds, and to declare the same "a
public depository," or not, as the law and facts may warrant.
It is evident that under §7534, *supra*, the court, or the
judge thereof in vacation, was authorized to determine
whether relator was entitled to be designated a deposi-
2. tory of public funds under the act of 1907, *supra*, and
if it was, to "declare it a public depository." Appel-
lee had, therefore, an adequate remedy under §7534, *supra*.

It is settled in this State, as claimed by appellant, that
when the relator has an adequate remedy, as by appeal, that
mandamus will not lie. *Couch* v. *State, ex rel.* (1907), 169
Ind. 269, and cases cited. It follows that the court erred
in overruling appellant's demurrer to the alternative writ.

Judgment reversed, with instructions to sustain the de-
murrer to the alternative writ.


## ON PETITION FOR REHEARING.

MONKS, J.—Appellee has filed an earnest petition for a re-
hearing in which it is urged: "(1) That there is no appeal
under §7534 Burns 1908, Acts 1907, p. 391, §13, unless the
board of finance fails or refuses to approve the bond or se-
curities tendered; (2) that the bond of a surety company,
legally authorized to do business in this State, is sufficient if
properly executed in a penalty equal to the amount of public
funds the applicant proposes to receive, and its approval
must be presumed; (3) that §§7534, 7537 Burns 1908, Acts
1907, p. 391, §§13, 16, provide for an appeal to a judicial offi-
cer from the action of a nonjudicial board, and are therefore
unconstitutional."

True, it is alleged in the alternative writ that relator "ten-

dered and delivered to appellant the bond of a surety company, duly authorized to carry on business in this State,'' and that said bond was in the proper penalty, but it was not alleged that said bond was approved by appellant board.

There is no presumption that appellant approved said bond merely because it was the bond of a surety company authorized to carry on business in this State. That the board of finance has the authority to pass upon the sufficiency of the bond or securities of any bank or trust company is clear from the provisions of said act, and, in case of failure or refusal of said board to approve such bond or other security, an appeal is given by §7534, *supra,* as we have already shown.

Even if it be conceded that relator bank was entitled to be designated as a depository of public funds on approval of the bond or securities tendered by it, a question we need not and do not decide, the alternative writ was certainly insufficient on demurrer, for the reason that it was not alleged that the bond or other security of appellees was approved by appellant board. It is settled in this State that, to render an alternative writ of mandate sufficient to withstand a demurrer for want of facts, it must appear therefrom that it was the duty of the officer or tribunal to perform the act sought to be enforced. *Waters* v. *State, ex rel.* (1909), 172 Ind. 251, and cases cited.

No bank or trust company is entitled to be designated as a public depository under said act, by the board of finance, under any circumstance until the bond or other security tendered by such bank or trust company is approved by said board of finance. It is evident, therefore, that the court erred in overruling the demurrer to the alternative writ.

It is true that appellant board is not a judicial body, but this fact does not make §§7534, 7537, *supra,* which grant an appeal from its action to the circuit or superior court, unconstitutional. *Spurgeon* v. *Rhodes* (1906), 167 Ind. 1, 11-13, and cases cited. As was said by this

court in *State, ex rel.,* v. *Webster* (1898), 150 Ind. 607, 621, 41 L. R. A. 212, quoting from *Board, etc.,* v. *Heaston* (1896), 144 Ind. 583, 55 Am. St. 192: "The appeal in such cases is not permitted because the action of the board is considered judicial, but it is granted as a method of getting the matter involved before a court that it may be determined judicially."

The petition for rehearing is therefore overruled.