## THE STATE OF INDIANA, EX REL. LEBANON NATIONAL BANK, v. BOARD OF FINANCE OF MARION TOWNSHIP OF BOONE COUNTY ET AL.

[No. 21,506. Filed April 22, 1910. Rehearing denied May 11, 1910.]

1. MANDAMUS.—*Township Finance Boards.—Designation of Depositories.—Appeal.*—Mandamus lies on behalf of the only qualified depository whose bond was approved, situate within the county, to compel defendant township board of finance, as well as the township trustee, to place all of the township deposits in such depository, where such board designated a bank in another county as a depository for a part of the funds, an appeal from the decision of the board of finance lying only where the board fails or refuses to approve the bond or securities offered by the petitioning bank or trust company. p. 233.

2. TOWNSHIPS.— *Depositories.— Location.— Boards of Finance.—* Township boards of finance must designate as sole depository of their funds, any qualified depository, or depositories, within their townships, or, in the absence of such, any depository or depositories within their county, and only in case there is no depository in the county, can they lawfully designate a depository in another county. p. 233.

From Montgomery Circuit Court; *Jere West*, Judge.

Action by The State of Indiana, on the relation of the Lebanon National Bank, against the Board of Finance of Marion Township of Boone County, and others. From a judgment for defendants, plaintiff appeals. *Reversed.*

*Higgins & Rogers*, for appellant.

*Pearson & Pearson*, for appellees.

MONTGOMERY, J.—This is an action of mandamus to compel the Board of Finance of Marion Township of Boone County, to make such orders and entries of record as will award to the relator, as a depository, the whole of the public funds of said township, not exceeding $15,000, to require the trustee of said township to make deposits accordingly, and to compel the First National Bank of Sheridan to permit the transfer of the funds of said township in its custody to the relator.

Demurrers to the alternative writ, on the ground of insufficient facts, were sustained, and final judgment rendered in favor of appellees. Errors have been properly assigned upon the sustaining of demurrers to the alternative writ of mandate.

It appears from the allegations of the alternative writ that the relator, the Lebanon National Bank, was organized April 6, 1882, under the laws of the United States, and on January 4, 1909, was engaged in the business of banking in the city of Lebanon, Boone county, Indiana, and was subject to visitation and examination by the controller of the currency for the United States government, through national bank examiners, and had a paid up capital stock of $80,000, a surplus of $26,000 and undivided profits of $8,000, and was solvent and in a prosperous condition; that on January 4, 1909, pursuant to notice duly given, it filed with the board of finance of said township its written proposal to receive on deposit public funds within the disposal of said board, not exceeding $15,000 at any one time, and to act as a depository of said funds, and agreed to perform all the terms and conditions of the public depository law of this State; that with its proposal it tendered a bond in the penal sum of $15,000, duly executed with the Federal Union Surety Company as surety thereon, which was then and there approved by said board of finance; that the board of finance of said township met at the time and place designated in the notice in that behalf given by it, and proceeded to open and examine proposals made for the receipt on deposit of public funds belonging to said township; that the proposal of the relator was the only bid or proposal made by any bank or trust company, authorized by law to receive public funds on deposit, located within Boone county, and there was no such bank or trust company in said Marion township; but, notwithstanding these facts, said board of finance at said meeting adjudged and ordered that the relator should have and hold only sixty per cent of the pub-

lic funds belonging to said township, and that the First National Bank of Sheridan, Indiana, which is located in Hamilton county, should have and hold forty per cent of such funds; that in pursuance of said order appellee Howard, as trustee of said township, deposited with relator $6,326.44, and with the First National Bank of Sheridan $4,200 of said township funds; that the relator before bringing action demanded of each of the parties hereto the transfer of such funds to it as depository thereof in accordance with its accepted proposal, which demand was refused.

Appellees insist that mandamus is not allowable, since an adequate remedy by appeal is afforded under the depository law of 1907 (Acts 1907 p. 391, §13, §7534 Burns 1908), and cite in support of their contention the case of *Board, etc.,* v. *State, ex rel.* (1909), 173 Ind. 52. An appeal to court under the section cited is authorized only in case the board of finance fails or refuses to approve the bond or securities of a bank or trust company proposing to act as a depository. In the case before us, the board approved the relator's bond and made it a depository, so that no appealable grounds remained, but its grievance arose from the award of a portion of the public funds to the custody of an unauthorized depository thereof, thereby depriving appellant of said funds. We are of the opinion that upon these facts mandamus was a proper remedy.

The question at issue then is: Can any part of the funds of a township which has no qualified depository within its boundaries, but has such qualified and accepted depository within the county, be deposited in a bank or trust company situate in another county? Such parts of the act as bear upon this question read as follows: Section 15. "Any bank or trust company subject to examination by state or national authority, and having its place of business in this State, and doing business herein, which shall desire to receive public funds of the State on

deposit, or any such bank or trust company within any county desiring to receive on deposit public funds of the county, or of any public corporation within the county, shall file with the respective board of finance on the day mentioned in such notice, its written proposal to receive a maximum sum of public funds on deposit, file the required security, and agree to pay interest," etc. Acts 1907 p. 391, §7536 Burns 1908.

Section 21. "When two or more banks or trust companies in the same county, city, town or township, propose to become depositories of the funds thereof, and offer the rate of interest provided for herein, it shall be the duty of the board of finance of such county, city, town or township to select, impartially, as many of such banks or trust companies for depositories as tender satisfactory security for such deposits: * * * And provided, further, that all funds of city, town, township and school corporations shall be deposited in banks, banking institutions or trust companies, designated as public depositories, located within the respective limits of such cities, towns, townships or school corporations, if such there be which shall accept such deposits of funds on the terms herein provided." Acts 1907 p. 391, §7542 Burns 1908.

' Section 23. "That in counties where only one bank or trust company is located, the board of finance shall designate such bank or trust company a depository without advertising: Provided, such bank or trust company agrees to pay interest at the rates as provided for in this act, and give security as herein provided: Provided, further, that in counties where there is no bank or trust company, or where no bank or trust company offers to accept public funds on deposit and comply with the requirements of this act, the board must designate some bank, banks, or trust companies outside of such county, and within the State as such depository or depositories." Acts 1907 p. 391, §7544 Burns 1908.

It appears from these provisions that the legislative intent manifestly was to require the funds of public corporations to be deposited and kept, so far as practicable, within their territorial limits. The State's funds may be deposited with approved depositories in any county of the State. County funds must be deposited within its boundaries, unless there is no qualified depository in such county. The funds of any subordinate public corporation within a county must also be placed with a depository within its own limits or in the county, if there be such qualified and offering to accept such funds, under the requirements of the act. This, in effect, is the language of the act, and local boards of finance are clothed with no discretion in the selection of their depositories and the distribution of their funds. The reason for these requirements is apparent. It is highly important that such funds be not withdrawn from the communities to which they belong to large financial centers, but remain with convenient depositories, so as to be readily available for local use and fiscal accommodation. The political subdivisions of the State have been adopted as the most feasible units to subserve this end. In this case, it may be true, in point of fact, that the First National Bank of Sheridan would be as conveniently situated with reference to Marion township, Boone county, as the Lebanon National Bank; but as a general rule no just complaint can be made to the adoption of the county system. If, in the legislative judgment, the rule should be relaxed, and some discretion in the selection of depositories be allowed to local boards of finance, it would probably lead to grave abuses, and result in greater evils than the inconveniences which may exist in a few instances under the present law. This view of the law leads to the conclusion that the relator was the only qualified and eligible bank or trust company applying to the Board of Finance of Marion Township of Boone County, at its meeting on January 4, 1909, to become a depository of its public funds. It follows that

appellee's several demurrers to the alternative writ of mandate should have been overruled.

. The judgment is reversed, with directions to overrule the demurrers to the alternative writ, and for further proceedings in harmony with this opinion.