MOORE v. AMERICAN FIDELITY CO. OF MONTPELIER, VT.

(District Court, W. D. Pennsylvania. October 4, 1917.)

No. 2.

APPEAL AND ERROR ☞442—STAY OF PROCEEDINGS—RIGHT TO GRANT.

The replevin act of Pennsylvania of 1901 (P. L. 88) allows plaintiff, on entry of original judgment in his favor, to sue out a writ in the nature of a retorno habendo, or a writ of fieri facias for the value of the goods and damages, or to maintain an action on the replevin bond given. Plaintiff, in a replevin in the federal District Court for Pennsylvania, recovered a judgment against defendant, who sued out a writ of error to the Circuit Court of Appeals, which did not operate as a supersedeas; the writ being taken after the expiration of 60 days from the judgment, and no bail being given. Thereafter plaintiff began suit against the surety on the replevin bond. *Held* that, as the service of a writ of error or perfection of an appeal within 60 days is a condition to a supersedeas, and it is not within the power even of the appellate court to grant a stay of process if this has not been done, action on the replevin bond cannot be stayed until determination of the writ of error.

At Law. Action by James H. Moore, trustee in bankruptcy for Oswalt C. Gates, against the American Fidelity Company of Montpelier, Vt. Sur rule for stay of proceedings. Rule discharged.

E. O. Kooser, of Somerset, Pa., for plaintiff.
R. H. Hawkins, of Pittsburgh, Pa., for defendant.

THOMSON, District Judge. James H. Moore, trustee in bankruptcy for Oswalt C. Gates, brought an action of replevin against George H. Gates for certain horses and harness. The defendant, with the American Fidelity Company as surety, gave a counter bond for the retention of most of the property claimed. In that action the plaintiff obtained a verdict for $5,000, on which judgment was entered on February 19, 1917. Afterwards, on July 24, 1917, the plaintiff brought suit against above-named surety company on its bond, in which action the defendant, by affidavit of defense filed, admitted liability and tendered judgment for $5,350, with certain costs, denying liability for the balance of plaintiff's claim. The plaintiff thereupon took judgment for the amount admitted, taking a rule for judgment for the balance for want of insufficient affidavit of defense. On August 18, 1917, George H. Gates was granted a writ of error to the Circuit Court of Appeals from the judgment in the replevin suit, which did not operate as a supersedeas; the writ being taken after the expiration of 60 days from the date of judgment, and no bail for that purpose being given. On September 10th the surety company presented its petition, setting forth the taking of the appeal by Gates and praying for a stay of proceedings until the final disposition of said appeal. This application is opposed by the plaintiff.

Under these facts, should the prayer of the petition be granted? The answer to this question would seem to depend on the status of the replevin judgment upon the taking of the appeal. It was held in Line

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

v. State, 131 Ind. 468, 30 N. E. 703, that an appeal, where a supersedeas is obtained, stays proceedings on the judgment from which the appeal is prosecuted, but it does not preclude parties from suing on the judgment or prosecuting collateral or independent proceedings. In Nill v. Comparet, 16 Ind. 107, 79 Am. Dec. 411, it was said:

"The only effect of an appeal to a court of error, when perfected, is to stay execution upon the judgment from which it is taken. In all other respects, * * * until annulled or reversed, it stands binding upon the parties as to every question directly decided."

In Wood Mowing & Reaping Machine Co. v. Berry Harvester Co., 4 Pa. Dist. R. 141, suit was brought on a judgment recovered in New York. The affidavit of defense alleged an appeal from that judgment, the appeal operating as a supersedeas. On motion for judgment for want of sufficient affidavit of defense, it was held that the pendency of the appeal was no defense, the supersedeas going merely to the execution, not to the judgment. Judgment for plaintiff, with leave to produce proof of supersedeas in New York, which would stay execution in Pennsylvania.

In this case there is no supersedeas. The plaintiff has, therefore, an absolute right to proceed for the collection of his judgment as if the appeal had not been taken. This right cannot be interfered with. It was said by the Supreme Court in Kitchin v. Randolph, 93 U. S. 86, 23 L. Ed. 810:

"We are * * * of opinion that, under the law as it now stands, the service of a writ of error, or the perfection of an appeal within 60 days, Sundays exclusive, after the rendering of the judgment or the passing of the decree complained of, is an indispensable prerequisite to a supersedeas, and that it is not within the power of a justice or judge of the appellate court to grant a stay of process on the judgment or decree, if this has not been done."

Having thus an absolute right to proceed upon his judgment for its enforcement, on what principle can it be said that he is deprived of the right to proceed against the surety, who became responsible for the payment of the judgment? Under the replevin act of Pennsylvania of 1901, on the entry of the original judgment the plaintiff had three remedies: First, a writ in the nature of a retorno habendo for the goods; second, a writ of fieri facias for the value of the goods and damages; third, an action, in the first instance, on the bond given. It would seem that these remedies could be superseded in one way only; that is, by appeal, with bond, and within the 60 days prescribed by the statute.

Under the facts of the case, to grant the prayer of the petition would appear to be depriving the plaintiff of a right given him by the statute. The rule to stay proceedings is therefore discharged.