## BOARD OF FINANCE OF SCHOOL TOWN OF PORT FULTON v. FIRST NATIONAL BANK OF JEFFERSONVILLE.

[No. 10,589. Filed November 5, 1919.]

1. APPEAL.—*Origin of Right.*—The right of appeal is purely statutory. p. 295.

MAY TERM, 1919. 291

Board, etc. *v.* First National Bank, etc.—71 Ind. App. 290.

2. OFFICERS.—*Boards.—Appeals.*—In statutes authorizing appeals from administrative officers and administrative boards, the word "appeal" is used in a special and restricted sense. p. 295.

3. OFFICERS.—*Boards.—Appeal to Circuit Court.—Finality of Action.*—Where an appeal is authorized from an administrative officer or board to the circuit court, the action of that court is final unless an appeal therefrom is specifically authorized or unless the proceeding in that court is of such a character as to bring it within the general provision of the Code of Civil Procedure authorizing appeals from final judgments. p. 296.

4. APPEAL.—*Code of Civil Procedure.—Statutory Proceedings.*—The provisions of the Code of Civil Procedure concerning appeal do not apply to special statutory proceedings which do not involve the exercise of judicial power. p. 296.

5. DEPOSITORIES.—*Designation.—Approval of Bond.—Ministerial Acts.*—The approval of bond and designation of depository provided for by §13, Acts 1907 p. 391, §7534 Burns 1914, are ministerial acts and not judicial, whether performed by the board of finance or by the judge of the circuit court. p. 296.

6. APPEAL.—*Depositories.—Bond Approval.—Right of Appeal From Circuit Court.*—An appeal will not lie from the action of the circuit court upon a bond submitted under the provisions of the Depository Law, §13, Acts 1907 p. 391, §7534 Burns 1914, since there is no specific provision therefor in such law, and since the proceeding provided for is of such a character as to exclude the application of the appeal provisions of the Code of Civil Procedure. p. 296.

From Clark Circuit Court; *James W. Fortune,* Judge.

The bond of the First National Bank of Jeffersonville, tendered to the board of finance of the school town of Port Fulton to qualify such bank to become a depository of public funds, not having been approved, was presented, with a petition for its approval, to the judge of the Clark Circuit Court in vacation, and by him heard and approved, and said bank declared a depository. From the action of the judge, the board of finance appeals. *Dismissed.*

*George C. Kopp, W. B. Allison* and *L. A. Douglass,* for appellant.

*Henry A. Burtt* and *James E. Taggart,* for appellee.

This proceeding is governed by the act of the legislature concerning depositories of public funds. Acts 1907 p. 391; Acts 1909 pp. 182, 437; Acts 1911 p. 182; §7522 *et seq.* Burns 1914; Acts 1919 p. 698. It appears from the record that in January, 1919, there was no bank or trust company in the town of Port Fulton; that sometime in said month the following banking institutions of the city of Jeffersonville filed with appellant their several proposals to receive on deposit funds belonging to the school town of Port Fulton, viz., the appellee, First National Bank, the Citizens Trust Company, and the Clark County State Bank. The appellee tendered a bond executed by the Southern Surety Company; the Citizens Trust Company tendered a bond executed by a surety company, the name of which surety company does not appear in the record; and the Clark County State Bank tendered a personal bond. The appellant approved the bond of the Clark County State Bank, but failed to approve either of the other two.

The secretary of the board of finance gave the following testimony in explanation of the action of the board: "We knew the surety at the time and most of the signatures of the six who signed it; did not * * * know anything concerning the solvency of the sureties offered by the other two banks, or anything about the validity of the bonds tendered, or whether or not they were executed legally. We considered the Clark County State Bank the most convenient as a depository for our Board."

MAY TERM, 1919. 293

Board, etc. *v.* First National Bank, etc.—71 Ind. App. 290.

The president of the board testified: "I knew the signatures of all the persons who executed the bond of the Clark County State Bank and knew their solvency. I did not know the solvency of the surety companies which executed the bonds tendered by the other two banks, or whether they were legally executed. The members of the Board preferred a personal bond to a surety company bond."

On February 4, 1919, being in vacation, the appellee filed its petition in the office of the clerk of the Clark Circuit Court. The petition is entitled "The First National Bank, etc. v. The Board of Finance, etc.," and is addressed "To the Honorable James W. Fortune, Judge of the Clark Circuit Court, in Vacation:"

The following is the substance of the petition: "The First National Bank of Jeffersonville, Indiana, hereby presents to you a bond executed by said Bank as principal, and the Southern Surety Company of Iowa as surety, in the sum of $1000.00, in favor of said Board of Finance, dated Dec. 21, 1918, which bond was presented to said Board of Finance on the first Monday in January, 1919, and which bond said Board of Finance failed and refused to approve. This matter is presented to the end that you may proceed to hear and determine the sufficiency of said bond, and approve or disapprove said bond, as the facts warrant, and investigate the financial responsibility of said Bank and determine its fitness to be designated a depository of public funds; and on approval of said bond by said Judge, to declare said Bank a public depository."

The bond was filed at the time of filing the petition. Pursuant to the request indorsed on the petition, the

294    APPELLATE COURT OF INDIANA;

Board, etc. *v.* First National Bank, etc.—71 Ind. App. 290.

clerk issued a summons commanding "the defendant to be and appear" in said court on February 7, 1919, "to answer or demur herein." On February 11, 1919, the parties appeared by counsel and the defendant filed a demurrer to the petition on the ground "that plaintiff's complaint does not state facts sufficient to constitute a cause of action." In the memorandum filed with the demurrer six reasons are specified why "the complaint" is insufficient. The record, signed by the judge, recites that the "demurrer is by me overruled. * * * Thereupon; the defendant files its answer in denial to the petition." After hearing the evidence, the judge took the matter under advisement.

On the fourteenth day of the ensuing term, the following entry was made: "Come the parties by counsel, and the court, being sufficiently advised, now approves the bond in question and finds the plaintiff, the said First National Bank of Jeffersonville, Indiana, a proper institution to be entrusted with public funds and declares said bank a public depository. It is therefore ordered and adjudged by the court that said bond be, and the same is hereby approved; and that said bank be, and is hereby declared to be a proper institution to be entrusted with public funds, and is declared to be a public depository of public funds; and that said defendant deposit seventy-four per cent. of its funds in said bank, not exceeding, however, the sum of $2000.00."

The board of finance filed a motion for a new trial, based on the sixth and eighth grounds specified in the Code of Civil Procedure as grounds for a new trial. The bank moved to strike from the files the motion for a new trial, on the theory that, because

there is no provision for a new trial in the statute governing the proceeding, the granting of a new trial is not permissible. The motion to strike from the files was overruled. The motion for a new trial was overruled. Appeal granted.

The errors assigned are the overruling of the demurrer and the motion for a new trial.

Appellee has moved to dismiss the appeal on the ground that the legislature has not authorized an appeal from the action of the circuit court in a proceeding under said statute.

DAUSMAN, J. (After making the foregoing statement.)—In this jurisdiction the right of appeal is purely statutory. It is not unusual for the legislature of this state to authorize "appeals" from administrative boards to the courts; but in all such so-called appeals the word "appeal" is used in a special and restricted sense. *Hall* v. *Kincaid* (1917), 64 Ind. App. 103, 115 N. E. 361; *Board, etc.* v. *Heaston* (1896), 144 Ind. 583, 41 N. E. 457, 43 N. E. 651, 55 Am. St. 192; *Board, etc.* v. *State, ex rel.* (1909), 173 Ind. 52, 88 N. E. 673, 89 N. E. 367.

Section 13 of said act, *supra,* reads as follows: "If any board of finance fails or refuses to approve the bond or securities of any such bank or trust company, the same may be presented to the circuit or superior court in the county, or the judge thereof in vacation, which, after three (3) days' notice to the secretary of any such board of finance, shall proceed to hear and determine the sufficiency of such bond or security, and shall approve or disapprove the same as the facts warrant. Such court or the judge thereof in vacation shall also investigate the financial responsibility of

any such bank or trust company and determine its fitness to be designated a depository of public funds. If such court or the judge thereof in vacation approves said bond or security, and finds said bank or trust company a proper institution to be entrusted with such funds, said bank or trust company shall be declared by such court or the judge thereof in vacation a public depository."

It is well settled that there can be no "appeal" from an administrative officer or from an administrative board to a court unless specifically authorized by the legislature. It is equally well settled that, where an "appeal" is authorized from an administrative officer or board to the circuit court, the action of the circuit court therein is final, and that there can be no appeal therein from the circuit court except in two instances, viz.: (1) Where an appeal from the circuit court is specifically authorized; and (2) where the proceeding in the circuit court is of such a character that it comes within the general provision of the Code of Civil Procedure which authorizes an appeal from all final judgments. *Indiana State Board, etc.* v. *Davis* (1918), 69 Ind. App. 109, 117 N. E. 883, 118 N. E. 978.

In the statute governing this proceeding there is no provision for an appeal from the circuit court. It follows that appellee's motion must be sustained unless said general provision of the Code is applicable.

It is well settled that the provisions of the Code of Civil Procedure do not apply to special statutory proceedings which do not involve the exercise of judicial power. *Randolph* v. *City of Indianapolis* (1909), 172 Ind. 510, 88 N. E. 949; *City of Indianapolis* v. *Hawkins* (1913), 180 Ind. 382, 103

MAY TERM, 1919.     297

Board, etc. *v.* First National Bank, etc.—71 Ind. App. 290.

N. E. 10.   In the case at bar the board of finance could not, of course, have acted judicially; for judicial power can be exercised only by a court.   Art. 7, §1, Constitution of Indiana, §161 Burns 1914; *Shoultz* v. *McPheeters* (1881), 79 Ind. 373; *Little* v. *State* (1883), 90 Ind. 338, 46 Am. Rep. 224; *Edwards* v. *Dykeman* (1884), 95 Ind. 509, 518; *State, ex rel.* v. *Noble* (1889), 118 Ind. 350, 21 N. E. 244, 4 L. R. A. 101, 10 Am. St. 143.   But judges do not always act in their judicial capacity.   It seems that the legislature is permitted to call upon the judges to perform acts which are not judicial, but which are purely ministerial, executive, or administrative.   We are of the opinion that in the case at bar the action of the judge of the circuit court, pursuant to §13 of the act concerning depositories, *supra,* did not involve the exercise of judicial power, and that the proceeding is of such a character as necessarily to exclude the procedure prescribed by the Code.

By §§11 and 12 of said act, it appears that the board of finance is given an important discretion in the matter of approving or disapproving any bond or securities offered by a bank seeking to become a depository.   *Board, etc.* v. *State ex rel., supra.*   By §13, *supra,* if the board of finance fails or refuses to approve the bond or securities, then the judge of the circuit court may be called upon to do two things, viz.:   (1) To approve or disapprove the bond or securities; and (2) if he approves the bond or securities and finds the bank to be a proper institution to be entrusted with public funds, then he shall declare (designate or appoint) the bank a public depository. We are of the opinion that in approving the bond the judge acted in a purely ministerial capacity.   *State,*

298    APPELLATE COURT OF INDIANA,

Board, etc. *v.* First National Bank, etc.—71 Ind. App. 290.

*ex rel.* v. *Lafayette County Court* (1867), 41 Mo. 221; *Bosely* v. *Woodruff County Court* (1873), 28 Ark. 306; *Orchard* v. *Alexander* (1895), 157 U. S. 372, 15 Sup. Ct. 635, 39 L. Ed. 737; *Stephens* v. *Crawford* (1846), 1 Ga. 574, 44 Am. Dec. 680; *In re Saline County, etc.* (1869), 45 Mo. 52, 100 Am. Dec. 337; *State* v. *McGonigle* (1890), 101 Mo. 353, 13 S. W. 758, 8 L. R. A. 735, 20 Am. St. 609. We are also of the opinion that in designating the bank a public depository the judge acted purely in a ministerial capacity. See *City of Terre Haute* v. *Evansville, etc., R. Co.* (1897), 149 Ind. 174, 46 N. E. 77, 37 L. R. A. 189. The utmost that can be said is that in the performance of either act the judge was merely substituting his discretion for the discretion of the board of finance. In other words, by §13, *supra,* the bank was given two opportunities to get its bond approved and itself designated a public depository.

But it may be said that there is a third element to be determined, viz., the bank's fitness to be designated a depository of public funds. It is true that by said §13 the judge of the circuit court is asked to transform himself into a sort of bank examiner for the purpose of investigating the financial responsibility of the bank; and he is directed also to determine the fitness of the bank as aforesaid. By what legal standard is that fitness to be determined? The act provides that no public funds shall be deposited in any bank or trust company (1) unless the institution is subject to visitation and examination by national or state bank examiners, and (2) until the institution has furnished a bond or securities, as therein specified, to the approval of the board of finance or the judge of the circuit court. But evidently the legisla-

ture intended that these two elements should not be exclusive, and that other elements might properly be considered. Otherwise, why direct an investigation of the financial responsibility of the bank? Otherwise, why should any one go to the trouble of determining the bank's fitness to be designated a depository of public funds? Moreover, §21, *supra,* specifically provides that where, as in this case, there is no bank or trust company within the school corporation, the board of finance may consider the element of convenience. Acts 1919 p. 698. We are unable to comprehend how the fitness of an institution to be designated a public depository can be judicially determined and established by a judgment where all the tests of fitness are not prescribed by law; and we are of the opinion that the legislature did not intend that such an absurdity should be attempted. The manifest legislative intent is that the judge shall satisfy himself as to the fitness of the bank before designating it a depository. Whether the bank is fit or unfit is purely a question of fact to be ascertained as a preliminary to final action. The ultimate action of the judge is the designation. The question of fitness is incidental.

The importance of the subject justifies us in stating more specifically the reasons for the conclusions we have reached.

If we were to regard the proceeding as a civil action within the meaning of the Code, to be tried on issues joined, and the result to be established by a formal judgment; or, if we were to regard it as a special statutory proceeding and then attempt to apply the Code, note the difficulties to be encountered.

It will be observed that the bank is not required

to file in the circuit court a transcript of the proceedings had before the board of finance. No complaint is necessary. By the express terms of the statute, all that is required of the bank is that the bond be presented. By implication, however, it requires that the judge should be informed that the board of finance had failed or refused to approve the bond. But the matter may be presented in the form of a simple petition. The statute does not contemplate that issues shall be joined by complaint and answers. It is apparent that the legislature intended that the proceeding should be informal and characterized by simplicity and directness.

No summons is to be issued. The statute provides that, after three days' notice to the secretary of the board of finance, the judge shall proceed to determine the sufficiency of the bond or securities. But what is the purpose of the notice? If the members of the board should fail to appear, would a default be authorized? If a default were entered, could it be taken as a confession that the bond or securities ought to be approved and the bank designated a public depository without an investigation? The language of the statute negatives that proposition. We are of the opinion that the purpose of the notice is analogous to that of the notice served on the clerk of the circuit court in a vacation appeal—to inform him of what is taking place in order that he may know its effect on his official duties. It is unreasonable to say that the legislature intended that there should be an adversary proceeding by the bank against the board of finance or any member thereof. It cannot be that the legislature intended that the board of finance, or any of its members, should assume an attitude of

hostility and make a defense, or, failing therein, suffer a default.

If, however, the proceeding be regarded as adversary, then what facts, logically and legitimately, ought to be shown to make out a defense? As against the bond, it would be germane to show that the surety company is financially weak or insolvent; that it is in bad repute for fair dealing; and any other element which a prudent and competent man would be likely to consider in determining whether it would be safe to accept the bond as indemnity against the loss of public funds. For indemnity, and indemnity without litigation or delay, is the thing desired. As against the bank, it would be germane to show that it is financially weak or insolvent; that it is not efficiently and conservatively managed; that its officers and employes are incompetent or discourteous; and any other element which a reasonable man would be likely to consider in determining its fitness to be designated a depository of public funds.

To make these defenses, thoroughly and in good faith, would require considerable time and the expenditure of considerable money. Is it permissible for a board of finance to spend public funds for that purpose? Is it to be said that the members of the board of finance must provide money from their private funds with which to make these defenses? If the financial condition of the bank or surety company is an issue to be tried, would it not be required to bring its assets into court in order that they may be scrutinized item by item? In every case, would not the burden be on the bank to prove its fitness to be designated a public depository? Could trial by jury be denied?

At the close of the trial, assuming that the court found in favor of the bank, what judgment could be rendered? At the utmost, merely "that the bond be, and is hereby, approved; and that the bank be; and is hereby, designated a public depository." The court would have no authority to do more. But two things, then, would have been done by the court. It would have approved a bond and made an appointment. Either act is purely ministerial.

The foregoing considerations should suffice to indicate the folly of regarding the proceeding as a civil action within the Code. We are of the opinion that the legislature did not intend that there should be an adversary proceeding under the Code, requiring issues, trial, finding, and judgment, and did not intend that this function should be performed by the judge in his judicial capacity. What is presented to the judge is more in the nature of a business proposition than a civil action. However, in determining the matter the judge should exercise a sound discretion. The discretion must be exercised in a reasonable manner, and not maliciously, wantonly, or arbitrarily, to the wrong and injury of any one. This is held to be the rule applicable to all administrative officers when exercising the discretion conferred upon them by law in the performance of their official duties. *Taylor* v. *Robertson* (1898), 16 Utah 330, 52 Pac. 1.

Section 16 of said act provides: "That the commission of any depository may be revoked at any time, and an immediate accounting and settlement required by the board of finance under which it operates, for any cause deemed sufficient by such board of finance. Such depository, however, shall have the same right of appeal, and the circuit or superior court, or the

judge thereof in vacation, the same jurisdiction to try and determine the case, as provided for appeals in section 13 thereof.''

Why, then, should the board of finance have the right of appeal to this court? When the judge of the circuit court approved the bond and designated the bank a depository, the board of finance was not thereby aggrieved, but relieved. Henceforth the board of finance may deposit funds belonging to the school town of Port Fulton in said bank, free from either legal or moral responsibility, excepting only as provided in said §16.

We realize that the words ''jurisdiction to try and determine the case,'' appearing in the section last quoted, when considered alone, tend strongly to support appellant's theory that the legislature intended that the proceeding should be a civil action within the meaning of the Code. But when said words are considered in their relation to all other parts of the statute, it becomes apparent that the legislature could not have so intended. The legislature intended only that the judge should hear such evidence as would enable him to determine (1) whether he ought to approve the bond, and (2) whether he ought to designate the bank a public depository. There was nothing else involved, and consequently nothing else to ''try'' in the ''case'' before him. Without further elaboration of this point, we are constrained to say that the last sentence of said §13 is but an instance of the careless and unskilled use of language so often found in hasty legislation.

The appeal is dismissed.

McMahan, J., dissents.