## Gray et al. *v.* Royse et al.

[No. 11,880.   Filed October 17, 1924.]

1. APPEAL.—*Right of appeal statutory.*—The right of appeal is statutory.  p. 103.

2. APPEAL.—*Does not vacate judgment.*—In this State, a judgment of a circuit or superior court is not vacated or suspended by an appeal.  p. 103.

3. APPEAL.—*Appeal or supersedeas bond does not suspend judgment, but stays execution.*—The execution of an appeal or supersedeas bond does not suspend the operation of the judgment from which the appeal was taken; its only effect being to stay execution thereon.  p. 103.

4. APPEAL.—*Supersedeas bond does not bar action on judgment.*—A supersedeas bond does not bar an action on the judgment appealed from, nor on matters collateral to the judgment.  p. 103.

5. APPEAL.—*Pendency of appeal to an appellate court does not bar action on appeal bond given in appeal to circuit court.*— The pendency of an appeal from the circuit or superior court does not bar an action on an appeal bond executed in taking an appeal of the same case from a justice of the peace to said circuit or superior court. p. 103.

From Marion Superior Court; *Sidney S. Miller,* Judge.

Action by John R. Gray and Frieda L. Gray against James G. Royse and Brandt C. Downey. From a judgment for defendants, the plaintiffs appeal. *Reversed.*

*B. F. Watson,* for appellants.
*Korbly & McNutt,* for appellees.

REMY, J.—On September 21, 1920, appellants, in a justice of the peace court, commenced a suit against appellee Royse for possession of certain real estate which appellants had previously rented to Royse. A trial of the cause resulted in a judgment for appellants for possession and damages, from which judgment Royse appealed to the Marion Superior Court, giving an appeal bond as provided by statute. Trial in the Marion Superior Court again resulted in a judgment for appellants, from which judgment Royse appealed to the Appellate Court. The appeal was in vacation, and an appeal bond was filed in conformity with a *supersedeas* issued by this court. While the appeal of that case was pending in the Appellate Court, appellants commenced this action in the Marion Superior Court, which is an action on the appeal bond given by appellee Royse when he appealed from the judgment rendered against him in the justice of the peace court. Appellee Downey was surety on the bond, and as such was made a defendant. To the complaint, which is in the usual form in such cases, appellees filed an answer in bar setting up the fact that the appeal from the judgment rendered by the Marion Superior Court was at the time

pending in the Appellate Court, in which latter court, a *supersedeas* had been issued, and a bond filed. A demurrer to the answer was overruled, and appellants refusing to plead further, judgment was rendered against them, and they prosecute this appeal.

The only question for determination is: Can appellants, pending the appeal of Royse to the Appellate Court from the judgment of the Marion Superior Court, maintain this action on the appeal bond given by Royse when he appealed to the Marion Superior Court? It is conceded by appellees that, except for the *supersedeas* issued by this court, and the appeal bond thereafter ·executed by appellee Royse, this action on the justice of the peace appeal bond might be maintained; but it is contended that since execution on the judgment of the Marion Superior Court is stayed by the *supersedeas,* and appellants are fully ·protected, whatever the decision of this court may be, it must follow that no action on the bond in the appeal from the judgment in the justice of the peace court can be maintained pending the appeal from the judgment of the Marion Superior Court. In considering the question, it must be kept in mind that the right of appeal to the Supreme Court or Appellate Court is a statutory right. In this State, a judgment of a circuit court or superior court is not vacated by an appeal. The execution of an appeal bond does not suspend the operation of the judgment from which the appeal is taken, except that it stays execution thereon. *Nill* v. *Comparet* (1861), 16 Ind. 107, 79 Am. Dec. 411. There is in this State no statute which prohibits, pending appeal, such an action as in the case at bar. It has frequently been held by the courts of appeal of this State, and is the law in this jurisdiction, ·that a *supersedeas* does not bar an action on the judgment appealed from, nor upon a matter collateral to the judgment. *City of Hammond* v.·

*Evans* (1899), 23 Ind. App. 501; *Hoyle* v. *Stellwagen* (1903), 30 Ind. App. 674; *Burton* v. *Burton* (1867), 28 Ind. 342; *Line* v. *State, ex rel.* (1892), 131 Ind. 468. In Ewbank's Manual (2d ed.) §177, the author states the rule in the following language: "An appeal where a supersedeas is obtained does not preclude the parties from suing on the judgment, or from prosecuting collateral or independent proceedings." That this rule obtains in some other jurisdictions, see: *Heizer* v. *Pawsey* (1891), 47 Kans. 33, 27 Pac. 125; *Wood Co.* v. *Berry Co.* (1895), 4 Dist. R. (Pa.) 141; *Moore* v. *American Fidelity Co.* (1917), 247 Fed. 609; *Rice* v. *Whitlock* (1863), 16 Abb. Pr. (N. Y.) 225; *Stetler* v. *Boling* (1915), 52 Okla. 214, 152 Pac. 452.

We are constrained to hold that the trial court erred in overruling the demurrer to appellees' answer.

Judgment reversed, with instructions to sustain the demurrer, and for further proceedings not inconsistent with this opinion.

Nichols, J., dissents.