## LUTEN ET AL. *v.* SCHMIDT ET AL.

[No. 12,393. Filed October 15, 1926. Rehearing denied December 23, 1926. Transfer denied December 30, 1928.]

*Russell T. MacFall* and *Murat W. Hopkins*, for appellant.

*J. Clyde Hoffman,* for appellees.

McMahan, P. J.—The controversy involved in this appeal grew out of the granting of a building permit by

the commission of buildings of the city of Indianapolis to the Beth El Temple congregation for the erection of a Jewish temple at Thirty-fourth and Ruckle streets in city of Indianapolis. Appellants, being the owners of a lot adjoining that on which the temple is located, and claiming to be aggrieved by the action of the building commissioner, appealed to the board of zoning appeals. The board having decided that the building commissioner did not err in granting the permit, appellants then filed their petition in the Marion Superior Court for a writ of *certiorari* which was issued to the board of zoning appeals, directing it to certify all the records and proceedings to the court below. Such proceedings were had in the court below as resulted in a judgment against appellants denying them any relief; hence this appeal.

The appellees named in this appeal are the individual members of the board of zoning appeals. The Beth El Temple congregation is not a party.

Sections 10372 to 10380 Burns 1926, Acts 1921, ch. 225, Acts 1925, ch. 125, comprises what is generally known as "the zoning statute." Sections 10372, 10373 and 10374 give the common council of cities authority to pass building regulations, to divide the city into zones or districts by ordinance. Provision is made for notice to the public and for the hearing of objections to the passage of such ordinance and for the amendment of such ordinance after hearing.

Section 10375 provides for the creation of a board of zoning appeals and that such board shall hear and determine appeals from, and review any order, requirement, decision or determination made by an administrative official or board charged with the enforcement of any ordinance or regulation adopted under the act of which this section is a part.

Section 10376 Burns 1926, §5, Acts 1921 p. 665, provides that any person aggrieved by any decision of the

board of zoning appeals may present to the circuit or superior court a petition setting forth that such decision is illegal, in whole or in part, specifying the grounds of such illegality; that the court or judge in vacation may allow a writ of *certiorari* directed to the board of zoning appeals and prescribe a time within which a return must be made. The board of zoning appeals is not required to return the original papers acted upon by it. It is only required to return certified or sworn copies thereof. The return must concisely state the facts pertinent and material to show the grounds of decision appealed from and must be verified. If, upon hearing, it shall appear to the court that testimony is necessary for the proper disposition of the matter, it may take evidence thereon and may reverse or affirm, in whole or in part, or modify the decision of the board brought up for review. No costs shall be allowed or taxed against the board unless it appears that it acted with gross negligence or in bad faith in making the order appealed from.

The act makes no provision for an appeal from the decision of the circuit or superior court in matters of this kind. The general rule is that in special proceedings of this kind no appeal lies to this court in the absence of a statute authorizing it. The right of appeal to the Supreme or Appellate Court is a statutory right (*Gray* v. *Royse* [1924], 82 Ind. App. 101, 144 N. E. 854), except where expressly secured by the Constitution. *Jerzakowski* v. *City of South Bend* (1924), 82 Ind. App. 132, 145 N. E. 520; *Hall* v. *Kincaid* (1917), 64 Ind. App. 103, 115 N. E. 361.

Since no presumption of jurisdiction attaches to appellate tribunals, the burden rests upon an appellant to bring himself within a reasonable construction of some statute authorizing an appeal. *Thompson* v. *A. J. Thompson Stone Co.* (1924), 81 Ind. App. 442, 144 N. E. 150.

As was said by this court in *Board, etc.*, v. *First Nat. Bank* (1919), 71 Ind. App. 290, 296, 124 N. E.. 768: "It is well settled that there can be no 'appeal' from an administrative officer or from an administrative board to a court unless specifically authorized by the legislature. It is equally well settled that, where an 'appeal' is authorized from an administrative officer or board to the circuit court, the action of the circuit court therein is final, and that there can be no appeal therein from the circuit court except in two instances, viz.: (1) Where an appeal from the circuit court is specifically authorized; and (2) where the proceeding in the circuit court is of such a character that it comes within the general provision of the Code of Civil Procedure which authorizes an appeal from all final judgments. *Indiana State Board, etc.*, v. *Davis* (1918), 69 Ind. App. 109, 117 N. E. 883, 118 N. E. 978."

In *Shideler, Auditor*, v. *Martin* (1922), 192 Ind. 574, 136 N. E. 1, 137 N. E. 528, the appellant, as auditor of Huntington county, placed on the tax duplicate as omitted property certain shares of stock in certain foreign corporations, and assessed against the appellee taxes thereon for certain years in the total amount of more than $26,000. Appellee appealed to the circuit court, where there was a judgment to the effect that the total amount of taxes on the omitted property was $4,556.16. From that judgment, the appellant appealed. The court, after calling attention to the fact that the right of appeal was statutory, dismissed the appeal, and, in denying a rehearing, the court, at page 585, said: "No authorities have been cited, and we know of none, which support appellant in his contention that the Civil Code gives a right of appeal from the circuit court to the Supreme Court in a matter which reached the circuit court by appeal from the summary action or decision of a board or officer exercising a special, limited juris-

diction in a special proceeding under a statute providing for an appeal to the circuit court, without any provision that pleadings be filed or issues formed, or that a further appeal might be taken. . . . A person who has been given one judicial hearing before a court having jurisdiction has no constitutional right to appeal his case to another court; his right of appeal being no greater than is given by statute."

The statute governing appeals from the board of zoning appeals to the circuit and superior courts makes no provision for an appeal from those courts. It follows that no appeal lies to this court unless the general provision of the Code of Civil Procedure is applicable and we find nothing in the Civil Code authorizing this appeal. It follows that this court is without jurisdiction to entertain this appeal, and that the same should be dismissed.

Appeal dismissed for want of jurisdiction.